**Philip BERKLEY, Plaintiff,**

v.

**CLARK EQUIPMENT COMPANY, Lift Truck Rental Corporation, Clark Rental Corporation, Arthur S. Wittner, Herbert A. Warren, Louis Roberts, Morris Mishkin, Harry Reicher, Robert H. Davies and Frank B. Riggio, Defendants.**

Civ. No. 18856.

United States District Court
E. D. New York.

Oct. 21, 1958.

Supplemental Opinion Oct. 30, 1958.

Marlin & Sandberg by David A. Barnhard, New York City, of counsel, for plaintiff.

Lewis & MacDonald by Robert D. Witte, New York City, of counsel, for defendant, Frank V. Riggio.

Simon & Meyrowitz, by Paul Meyrowitz, New York City, for defendant, Arthur S. Wittner.

ZAVATT, District Judge.

A motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., has been

filed on behalf of the defendant Frank V. Riggio (sued herein as Frank B. Riggio). The motion is grounded upon statements contained in the supporting affidavit of Robert D. Witte, Esq., an attorney associated with the firm of attorneys who represent the defendant Riggio in this action.

Mr. Witte states that he "makes this affidavit instead of defendant Frank V. Riggio since said defendant does not reside or conduct business within the County in which deponent has his office, and that the time permitted for the making of this motion, after investigation was complete, did not present an opportunity for the execution of this affidavit by said defendant." He states that the source of his averments and of his information and belief is a review of the files maintained by his office concerning the defendant's business, telephone conferences with the defendant, and with an attorney in deponent's office "who is fully familiar with the facts and circumstances of defendant Frank V. Riggio's business affairs, from all of which deponent has information and belief sufficient to constitute familiarity with the facts and circumstances herein."

The most casual reading of Rule 56(e) would have apprised defendant's attorney that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Although Rule 56(e) is so clear that no citation of authority is deemed necessary to support the conclusion that the instant motion must be denied, the attention of defendant's counsel is called to the recent case of Roucher v. Traders & General Ins. Co., 5 Cir., 1956, 235 F.2d 423.

The circumstances under which the attorney purports to make his affidavit do not, of course, authorize departure from the mandate of Rule 56(e). That the defendant Riggio is not within the county where the attorney has his office may be of significance in connection with the verification by the attorney of a pleading in the New York State courts (Rule 99, New York Rules of Civil Practice), but is immaterial in connection with this motion. Furthermore, the allegation that there was no opportunity for the execution of an affidavit by the defendant is meaningless. Rule 56(b) provides that a party against whom a claim is asserted may *at any time* move for summary judgment in his favor.

Upon oral argument counsel for the defendant Riggio appeared to appreciate that his supporting affidavit might be insufficient, but proceeded to argue the merits of the motion on the theory that an affidavit by Mr. Riggio would have disclosed the same facts. To this date no affidavit executed by Mr. Riggio has been submitted to the Court. The allegations of Mr. Witte present the Court with a barren record with which to dispose of the motion. See Automatic Radio Mfg. Co., Inc., v. Hazeltine Research, Inc., 1950, 339 U.S. 827, 831, 70 S.Ct. 894, 896, 94 L.Ed. 1312.

The affidavit of Charles F. Jaffin, Esq., submitted upon the argument of the motion purports to be made upon the affiant's personal knowledge, but fails to show affirmatively that the affiant is competent to testify to the matters stated therein. Furthermore, the allegations of the affidavit are wholly insufficient to serve as the basis for the granting of a motion for summary judgment.

Attorneys should inform themselves as to the appropriate Rule of Civil Procedure and the judicial decisions thereunder *before* they serve any notice of motion. The motion is denied with prejudice. Settle Order.

### Supplemental Opinion

The defendant Riggio moved this Court for summary judgment upon the affidavit of his attorney. This motion was denied with prejudice in an opinion dated October 21, 1958 and heretofore filed herein. Riggio now seeks an ex

parte order requiring the plaintiff to show cause why Riggio should not be permitted to reargue the motion upon what he calls "an enlarged set of facts," i. e., upon his own affidavit and an affidavit of his attorney. The defendant appears to contend that this procedure is within Rule 9(h) of the rules of this Court relating to the reargument of a motion. In the alternative Riggio seeks leave to renew his motion for summary judgment after the plaintiff shall have served a more definite statement of Paragraph 8 of the amended complaint, which he agreed to do upon the oral argument of the motion for summary judgment. The proposed order to show cause contains a stay of all proceedings on the part of the plaintiff, except the service of a more definite statement and the service of papers in opposition to the motion sought to be brought by the proposed order to show cause. The supporting papers show no cause why the defendant should not have proceeded by motion for the relief now sought.

Rule 7(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that an application to the Court for an order shall be by motion. Rule 6(d) thereof provides that notice of a motion shall be served not later than 5 days before the return day "unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application." Rule 6(d) contemplates that where a party can show cause why the normal period for service of a motion should be shortened the Court may so order. Rule 56(c) of the Federal Rules of Civil Procedure provides that written notice of a motion for summary judgment shall be served at least 10 days before the return day. And Rule 9(h) of the rules of this Court provides that a motion for reargument shall be upon the same notice required for the original motion.

The defendant Riggio does not appear to seek to have the normal period of notice shortened. He makes no attempt in his moving papers to show any reason why that period should be shortened. Rather, he seeks a stay of all proceedings in the action on the part of the plaintiff, and assumes that an application for a stay may properly be made by an order to show cause without showing any cause why such an application should not be made upon 5 days' written notice.

The defendant should have moved for leave to reargue upon 10 days' written notice. If he also desired a stay of proceedings he should have made a motion for a stay. And if, as to either or both of such motions, he could have shown good cause why the periods of required notice should be shortened, he should have applied to the Court for an order shortening the same pursuant to Rule 6(d) of the Federal Rules of Civil Procedure.

The Court refuses to sign the proffered "order to show cause" upon the ground that no cause therefor has been shown.

Defendant has misconstrued Rule 9(h) of this Court. He is not seeking to reargue within the contemplation of our rule. Rather he is seeking to make a new motion, and has resorted to what he calls a motion to reargue because this Court denied his motion for summary judgment with prejudice. As to this the Court has reconsidered its decision on the previous motion and now modifies the same so as to deny the previous motion without prejudice to the right of the defendant Riggio to make a new motion for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure after the plaintiff shall have served a more definite statement.

Defendant Riggio's motion, contained in the original papers to vacate and set aside the notice of the taking of defendant's deposition served September 8, 1958, is denied.

490

Settle order on the previous decision as modified by this supplemental memorandum.