**KOYO INTERNATIONAL INC., Libelant,**

v.

**S.S. OOTMARSUM, her engines, boilers etc., and Sabre Shipping Corporation, Respondent.**

United States District Court
S. D. New York.
Feb. 24, 1964.

Richard T. Graham, New York City, for libelant; Seymour Simon, New York City, of counsel.

Mendes & Mount, New York City, for respondent Sabre Shipping Corporation; Gerard P. Watson, New York City, of counsel.

**FREDERICK van PELT BRYAN, District Judge.**

Libelant, a Japanese corporation, sues in admiralty for damages to four screw machines shipped from Baltimore, Maryland, to Kobe, Japan, aboard the S. S. Ootmarsum, time chartered by respondent Sabre Shipping Corporation.

Libelant moves, pursuant to Rule 58 of the Rules of Practice in Admiralty and Maritime cases, for "summary judgment, interlocutory in character * * * on the issue of liability alone * * *."

The libel alleges that the four machines were delivered to respondent's vessel by the shipper in good order and condition under a bill of lading providing for under-deck stowage only, and, that instead, they were stowed on deck and were delivered seriously damaged and rusted by seawater and otherwise impaired in value. Of the claimed damages of $40,000, by far the major portion arises from alleged decreased operating efficiency of the precision parts of the machines.

In its answer respondent admits that the four machines were delivered to it by the shipper in "apparent good order and condition," that they were stowed on deck and that the deck stowage constituted a "deviation in law" from the bill of lading. It also admits that the shipment when delivered in Japan was "somewhat damaged and rusted by seawater."

Apart from respondent's admissions, nothing by way of evidentiary material has been submitted on which summary judgment could be granted. The only affidavit supporting the motion is made by the attorney for the libelant, not on his own knowledge but on information and belief. The answers to respondent's interrogatories, on which some reliance is also placed, are verified not by libelant but by libelant's attorney, also on information and belief. The answering affidavit suffers from similar defects. Such material has no evidentiary value for purposes of this motion. Berkley v. Clark Equipment Co., 22 F.R.D. 487 (E. D.N.Y.1958).

The question then is whether the admissions made in the respondent's answer furnish a sufficient basis to sustain the motion. In my view they do not.

Libelant is required to show that the machines were in good condition at the time of their delivery to the respondent. The machines involved were secondhand and not new. Since libelant's principal claim of damage relates to interior precision parts of the machines, the condition of which could not be ascertained by ordinary inspection by the carrier, respondent's admission that the goods were delivered to it "in apparent good order and condition" is not sufficient to satisfy libelant's burden with respect to the condition of such parts. Nor does the respondent's concession that the shipment was "somewhat damaged and rusted by seawater" establish that the interior precision parts of the machines were damaged and rendered practically useless during the period for which respondent was responsible or that such damage was in fact caused by on-deck stowage. These matters go to the ques-

tion of liability, not amount of damages. See M. W. Zack Metal Co. v. S. S. Birmingham City, 311 F.2d 334 (2 Cir. 1962); H. E. Botzow, Inc. v. S. S. Santa Barbara, 1963 AMC 747, 760 (S.D.N.Y. 1962).

Thus there are issues of fact which require a trial.

What has been said makes it unnecessary to pass on the other questions raised by the respondent in opposition to the motion or on the question of limitation of liability by the Carriage of Goods By Sea Act, § 4(5), 46 U.S.C. § 1304(5), referred to by counsel.

Libelant's motion for summary judgment is in all respects denied.

Respondent's requests made in its answering papers have not been the subject of a proper cross-motion and will be denied at this time without prejudice to motions for such relief.

It is so ordered.