**ALLIED ARTISTS PICTURES CORPO-
RATION, Plaintiff,**

v.

**D. KALTMAN & CO., Inc. and Emanuel
L. Wolf, Defendants.**

**No. 67 Civ. 3471.**

United States District Court
S. D. New York.

Sept. 25, 1967.

**764**

The appearances were:

Berman & Powers, New York City, for plaintiff; Lawrence M. Powers, William B. Jaffe, New York City, of counsel.

Hughes, Hubbard, Blair & Reed, New York City, for defendants; Robert J. Sisk, Peter Gruenberger, New York City, of counsel.

## MEMORANDUM

FREDERICK van PELT BRYAN, District Judge:

Plaintiff moves to stay a proceeding in the New York Supreme Court in which defendant Kaltman & Co. seeks to compel the plaintiff corporation to call a special meeting of holders of the corporation's preferred stock for the purpose of electing new directors.

Plaintiff's amended complaint sets forth two claims for relief. The first claim, based upon § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Commission Rule 10b–5, as-

serts that defendants' open market purchases of Allied's preferred stock, and their brief use of a tender offer, are all part of an artifice or scheme to defraud the corporation and its stockholders by leading them into a merger with defendant corporation on unfair terms.[1]

The second claim for relief alleges that the holding of the special meeting sought by defendants would force the corporation to violate Federal proxy rules, 15 U.S.C. § 78n, 17 C.F.R. § 240.14, et seq.

 Plaintiff seeks an injunction forbidding defendants from voting the preferred stock they have acquired. This court has jurisdiction of the action under § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78(aa).[2]

 To obtain from this court an order enjoining a state court proceeding, plaintiff must show that it comes within one of the three exceptions of 28 U.S.C. § 2283, forbidding Federal Courts to enjoin state court proceedings, and that it will be irreparably harmed unless defendants are enjoined. See Studebaker Corp. v. Gittlin, 360 F.2d 692, 698 and n. 5 (2d Cir. 1966).

Allied argues that it is entitled to an injunction under its first claim for relief on the basis that such an injunction is expressly authorized by act of Congress, and is necessary in aid of this court's exclusive jurisdiction under Rule 10b–5. It may be that in a proper 10b–5 case, a private litigant could move to enjoin a defendant's prosecution of state court proceedings in furtherance of a plan to violate 10b–5 without running afoul of the bar of § 2283. Compare Studebaker Corp. v. Gittlin, 360 F.2d 692, 697–698 (2d Cir. 1966). Two factors, however,

1. Because of substantial dividend arrearages, the holders of the preferred stock are presently entitled, as they have been for some time, to elect a majority of Allied's board of directors.

2. Plaintiff also alleged jurisdiction based upon diversity of citizenship. The complaint states that Allied is a Delaware corporation having its principal place of business in New York. The affidavit of defendant Emanuel Wolf, the President

and Chairman of the Board of defendant D. Kaltman & Co., asserts that it is a New Jersey corporation having its principal office in New York. Wolf also states that he is a resident of New York. Under these circumstances it cannot be said that plaintiff has satisfied his burden of proving diversity jurisdiction. E. g., McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); 28 U.S.C. § 1332.

militate against such injunctive relief in the present case.

■ First, it seems quite doubtful that the corporation itself may assert a claim under 10b–5 arising out of transactions to which it was not a party. E. g., Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir. 1952); Hoover v. Allen, 241 F.Supp. 213 (S.D.N.Y.1965). I agree with Judge Herlands in Pacific Ins. Co. of N. Y. v. Blot, 267 F.Supp. 956 (S.D.N.Y.1967), that the recent decisions of the Court of Appeals in Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir. 1967), and A. T. Brod & Co. v. Perlow, 375 F.2d 393 (2d Cir. 1967), have not gone so far as to authorize Allied to sue on a 10b–5 claim.

■ Second, even assuming that a 10b–5 violation has occurred, I do not think that it would entitle the corporation to the injunctive relief it seeks in its complaint, i. e., against the defendants voting the preferred stock they have acquired. Nor does 10b-5 entitle Allied to the relief it seeks on this motion, particularly since in the state action sought to be enjoined, defendant is asking for an order of mandamus compelling the corporation to call a special meeting—relief which the federal courts cannot grant. Compare Neuwirth v. Merin, 267 F.Supp. 333 (S.D.N.Y.1967); Rosen v. Alleghany Corp., 133 F.Supp. 858 (S.D. N.Y.1955). Intervention by a federal court of equity at this stage of the proceedings would be premature.

The second claim for relief, based on prospective violations of the federal proxy rules, presents a somewhat closer question. In Studebaker Corp. v. Gittlin, 360 F.2d 692 (2d Cir. 1966), the Court of Appeals affirmed an order enjoining defendants from using stockholder authorizations obtained in violation of the proxy rules in a state court proceeding to compel production of the corporation's stockholder list. *Gittlin* squarely held that a corporation has standing to enjoin violations of the Federal proxy rules, 360 F.2d at 694–695, and that a federal court in such a case is not barred by § 2283 from enjoining related state court proceedings. 360 F.2d at 696–698.

■ Allied argues that its present motion falls squarely within the holding of *Gittlin*. I do not agree. The Court of Appeals in *Gittlin* emphasized that defendant had *already* committed violations of the proxy rules in obtaining the authorizations whose use the corporation sought to enjoin. Here, however, the situation is quite different. No proxy violation has thus far been shown to have occurred. Neither plaintiff nor defendant has solicited or attempted to solicit any proxy or authorization from stockholders. Both sides in this incipient proxy fight have confined themselves to open market purchases of Allied's preferred stock.

■ Plaintiff claims that it will be unable to supply required proxy material to its shareholders in advance of the meeting date demanded by defendants. The date originally requested, September 25, has now passed. I see no reason to suppose that the New York court will not fix a date for the meeting which will give Allied adequate time to prepare the required material if it determines that a meeting should be held.[3] While jurisdiction to enjoin violations of the Federal proxy rules rests exclusively with the federal courts, the New York courts will no doubt give due effect to such rules and see to it they are complied with.

In my view, intervention by this court to enjoin prospective violations of the proxy rules which have not yet occurred, and which indeed may never occur, would be inappropriate at this time. This re-

---

3. In assessing the burden placed on the corporation it should be noted that the requested meeting is not a general meeting of all stockholders but a special meeting of a relatively small class of preferred stockholders. Moreover, only those directorships presently controlled by the preferred stockholders are up for election, and not the whole board.

quest for relief is likewise premature. Consequently, in the exercise of my discretion, I decline to stay the state court proceeding. Motion denied.

It is so ordered.