**Max GREENSTEIN, Plaintiff,**

v.

**Mildred P. PAUL, Harry Lebensfeld, Jack Koenig, Joseph A. Dancewicz, United Industrial Syndicate, Inc. and Sagamore Manufacturing Company, Defendants.**

**No. 66 Civ. 4306.**

United States District Court
S. D. New York.

Oct. 27, 1967.

Louis C. Fieland, New York City, for plaintiff.

Goldstein, Judd & Gurfein, New York City, for defendants Mildred P. Paul, Harry Lebensfeld, Jack Koenig and United Industrial Syndicate, Inc; Edward Brodsky, New York City, William M. Guttman, of counsel.

OPINION

McLEAN, District Judge.

Plaintiff brings this action "individually and as a representative of all other stockholders and former stockholders of Sagamore similarly situated" to recover damages for alleged violation by defendants of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j (b)) and Rule 10b–5 thereunder in the purchase by United Industrial Syndicate, Inc. of stock of Sagamore Manufacturing Company by means of allegedly false and misleading "solicitations" which concealed material facts. Defendants Paul,

Lebensfeld, Koenig, and United Industrial Syndicate, Inc. move under Rule 12(b) (6) to dismiss for failure to state a claim and under Rule 56 for summary judgment. Although it has served no separate notice of motion, defendant Sagamore Manufacturing Company has filed an affidavit joining in the motion.

■ The complaint, fairly construed, does not allege that plaintiff sold any Sagamore stock during the time when the defendants committed the alleged wrongs. To remove any conceivable ambiguity in the complaint on this score, defendants have proved by affidavits, which are uncontradicted, that in fact plaintiff acquired his Sagamore stock prior to the acts complained of and has never parted with it. Hence, if it is essential to the maintenance of an action for damages under Section 10(b) and Rule 10b–5 that plaintiff be a seller of the stock, plaintiff may not maintain this action on his individual behalf. And if he has no standing to sue on his own account, he may not maintain a class action on behalf of those stockholders who did sell their stock, because plaintiff is not a member of the class. *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); *Chashin v. Mencher,* 255 F. Supp. 545 (S.D.N.Y.1965); *Wittner v. Ghen,* 9 Fed.Rules Serv.2d 10b.21, Case 2 (S.D.N.Y.1966).

The rule in this circuit has been that in order to maintain an action for damages under Section 10(b) by reason of defendants' deception, the plaintiff must have been a seller of the stock in question. *Birnbaum v. Newport Steel Corp.,* 193 F.2d 461 (2d Cir. 1952), *cert. denied,* 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952); *O'Neill v. Maytag,* 230 F.Supp. 235 (S.D.N.Y.1964), *aff'd,* 339 F.2d 764 (2d Cir. 1964). Although some doubt has been cast on this principle (*see Entel v. Allen,* 270 F.Supp. 60, 70 (S.D.N.Y. 1967)), the Court of Appeals has never overruled it. In recent decisions the question was expressly left open. *See Vine v. Beneficial Finance Co.,* 374 F.2d 627, 636 (2d Cir. 1967); *A. T. Brod & Co. v. Perlow,* 375 F.2d 393, 397 n. 3 (2d Cir. 1967). Indeed the most recent opinion of the Court of Appeals on the subject can be read as indicating that the court has reaffirmed the doctrine, as far as actions for damages are concerned. *Mutual Shares Corp. v. Genesco, Inc.,* 2d Cir. 1967, 384 F.2d 540.

*Vine v. Beneficial Finance Co., supra,* did not hold that plaintiff need not be a seller. Rather, the court held that on the facts of that case plaintiff was to be considered a seller within the meaning of Section 10(b). There a so-called short form merger had taken place between the corporation in which plaintiff owned stock and another corporation, and although plaintiff had not actually turned in his stock for the price offered him under the terms of the merger, the court said that he had no other alternative, that his rights had become "frozen," and that actual delivery of the stock certificate was thus "a needless formality." 374 F.2d at 634.

That decision does not control here, for in the present case the once-proposed short form merger of Sagamore into Syndicate was not consummated. Plaintiff still has his stock and is free to sell it to anyone who will buy it. The distinction between a completed and uncompleted merger was explicitly recognized by the Court of Appeals in *Vine.* It said (374 F.2d at 634):

"We do not have here a stockholder who refuses to accept a fraudulent offer to purchase his stock but remains a stockholder in an existing corporation; whether to label this hypothetical person a 'seller' under the Rule is a much different question."

■ It may be noted that in *Mutual Shares Corp. v. Genesco, Inc., supra,* the Court of Appeals held that a stockholder need not be a seller of stock in order to maintain an action for an injunction against acts of defendants, in that case reduction of dividends, which were calculated to depress the market value of the stock. This construction of Section 10 (b) is not relevant here, for plaintiff is not seeking injunctive relief. Moreover, although the present complaint charges

that defendants' activities have depressed the market value of plaintiff's stock, these allegations are purely conclusory in nature. Plaintiff's affidavit in opposition to defendants' motion for summary judgment adds nothing of significance in this respect.

 Although the court appreciates that all the discussion of this subject in recent cases may eventually lead to a change in the governing rule in damage actions under Section 10(b), it believes that if such a change is to be made, it must be made by the Court of Appeals and not by this court. The law as it now stands requires the granting of defendants' motion for summary judgment.

So ordered.