**Anthony FERRAIOLI, Plaintiff,**

**v.**

**Hyman B. CANTOR, Hy C. Corp., Denison Mines, Ltd., Goldfield Corp. and General Baking Company, Defendants.**

**No. 65 Civ. 1546.**

United States District Court
S. D. New York.

Nov. 29, 1967.

On Reargument Feb. 15, 1968.

See also D.C., 259 F.Supp. 842.

---

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff; Donald N. Ruby, New York City, of counsel.

Nixon, Mudge, Rose, Guthrie, Alexander & Mitchell, New York City, for defendant Denison Mines, Ltd.

Lovejoy, Wasson, Lundgren & Ashton, New York City, for defendants The Goldfield Corporation and General Baking Co.; Winslow M. Lovejoy, Martin R. Lee, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Defendants Denison Mines, Ltd. (Denison), Goldfield Corp. (Goldfield), and General Baking Company (General Baking) move for summary judgment pursuant to Rule 56, F.R.Civ.P., dismissing plaintiff's amended complaint. Defendants' motions are denied.

Plaintiff's amended complaint alleges violations of Section 10(b) of the Securities Exchange Act of 1934 (the Act) (15 U.S.C. § 78j(b)) and Rule 10b–5 (17 C.F.R. § 240.10b–5), and violations of Denison's fiduciary duties to General Baking and its stockholders. Jurisdiction is based upon Section 27 of the Act (15 U.S.C. § 78aa), and on pendent jurisdiction. For purposes of defendants' motions for summary judgment, the parties agree that the following facts are to be taken as true.

Prior to February 1, 1965, Denison owned 553,900 shares of General Baking stock, constituting approximately 33% of the 1,577,755 shares outstanding, and had control of General Baking, electing its president and certain of its directors. Between February 1, 1965 and May 13, 1965 there were negotiations between Denison and Goldfield concerning the possible purchase by Goldfield of the General Baking stock owned by Denison and others associated with Denison. On May 6, 1965 the presidents of Denison and Goldfield tentatively agreed on a price of $12.50 per share for the stock, and on May 10, 1965 Goldfield's Board of Directors approved the purchase from Denison of up to 665,000 shares of General Baking at $12.50 per share and authorized Goldfield's officers to negotiate an agreement with Denison. On May 10 Goldfield delivered a letter to Denison outlining the terms upon which Goldfield would be willing to make the purchase. The terms of the purchase were worked out between May 10 and May 13, 1965, and on May 13 a written agreement was executed providing for the sale by Denison of 553,900 shares of General Baking common stock to Goldfield at $12.50 per share. The agreement was subject to approval by Denison's Board of Directors. On May 13, 1965 General Baking stockholders "associated with Denison" agreed to sell their shares to Goldfield at $12.50 per

share, and Goldfield agreed to purchase a total of 629,000 shares.

At the time of the sale to Goldfield, the market price of General Baking stock was $9.00 per share. The difference between the market price and the sales price, viz., $3.50 per share, represented a premium paid for control and, as a condition of the sale, Denison agreed to deliver to Goldfield the resignations of the president of General Baking and of at least six of the thirteen members of its Board of Directors. On May 17, 1967 the Denison Board of Directors approved the sale and Denison and Goldfield made a public announcement, giving the price and quantity of stock that was sold.

Plaintiff purchased 400 shares of General Baking stock in April and May, 1964, and on May 10, 1965 he sold his shares at $8⅞ per share, the market price on that day. In this action, plaintiff sues on his own behalf and on behalf of all other owners of General Baking stock who sold their shares between February 1, 1965 and May 17, 1965, seeking to recover the premium paid by Goldfield for the 629,-000 shares of General Baking stock that it purchased. Plaintiff did not know of the negotiations between Denison and Goldfield when he sold his stock, and had he and the other owners of General Baking stock whom he represents known of the negotiations, they would not have sold their stock. He claims that payment of a premium by Goldfield constituted a fraud upon minority stockholders of General Baking under Section 10(b) and Rule 10b–5 since they were not told of the negotiations between Denison and Goldfield and were not offered an opportunity to participate in the sale of General Baking stock at a premium.

Moreover, plaintiff claims that Denison made it possible for stockholders of General Baking "associated with Denison" to sell their General Baking stock to Goldfield at a premium, and that these sales were made through a trust company without the names of the owners of the stock being disclosed. Plaintiff contends that defendants had a duty to make the same offer to all General Baking stockholders and not only to stockholders "associated with Denison."

In view of plaintiff's claim that the defendants offered to some stockholders the opportunity to sell their General Baking stock to Goldfield at a premium and did not make the same offer to others, including the plaintiff, defendants are not entitled to summary judgment dismissing plaintiff's complaint. It may be that some General Baking stockholders "associated with Denison" were offered the opportunity to participate prior to plaintiff's sale of his stock on May 10, 1965. If so, the defendants' failure to offer the same opportunity to the plaintiff and other General Baking stockholders may have constituted an "act, practice, or course of business which operates or would operate as a fraud or deceit * *, in connection with the purchase or sale of any security." Rule 10b–5(3).

■■ Moreover, there may be an issue as to whether the defendants, in offering the opportunity to participate to some General Baking stockholders and not to the others, were using material undisclosed information. Denison, as a controlling stockholder of General Baking, was an insider (see Cochran v. Channing Corporation, 211 F.Supp. 239 (S.D. N.Y. 1962); see generally S. E. C. v. Texas Gulf Sulphur Co., 258 F.Supp. 262 (S.D.N.Y.1966)), and if Denison used material undisclosed information for its benefit or for the benefit of its "associates" or "tippees," plaintiff would be entitled to seek recovery under Section 10 (b) and Rule 10b–5. See S. E. C. v. Texas Gulf Sulphur Co., supra. The date on which Denison offered participation to its "associates" would be a factor in determining when the negotiations between Denison and Goldfield became material information from the point of view of General Baking stockholders, if such information was material. See List v. Fashion Park, Inc., 340 F.2d 457 (2d Cir. 1965).

It is clear from the foregoing that there are issues of fact raised by plaintiff's amended complaint which can only

be decided at trial. These include, but are not limited to, the following:

1) Did the defendants, prior to the sale of plaintiff's stock, offer to the stockholders "associated with Denison" the opportunity to sell their General Baking stock to Goldfield at a premium?

2) Did the negotiations between Denison and Goldfield become material information from the point of view of General Baking stockholders, and if so, when?

3) Did the defendants or their "tippees" use material undisclosed information regarding the sale for their own benefit?

4) If the defendants used material undisclosed information for their own benefit, or breached their duty to minority stockholders of General Baking in violation of Section 10(b) and Rule 10b–5, what damages, if any, did plaintiff sustain?

■ It is not necessary for the court to reach the question of whether a controlling stockholder violates Section 10 (b) and Rule 10b–5 when he sells his control stock at a premium without notifying any of the other stockholders. It is sufficient here to hold that where a control stockholder invites some but not other stockholders to participate in the sale, a claim may be stated.

Defendants' motions for summary judgment are denied.

It is so ordered.

### On Reargument

Defendants Denison Mines, Ltd. (Denison), Goldfield Corp. (Goldfield), and General Baking Company (General Baking) move for reargument of their motions for summary judgment dismissing plaintiff's amended complaint, which motions were denied by memorandum decision filed November 29, 1967. In the alternative, said defendants move for an order amending the court's order filed on November 29, 1967 to allow them to make application to the Court of Appeals for permission to appeal from that order pursuant to 28 U.S.C. § 1292(b). Oral argument was heard on February 9, 1968.

By its memorandum decision filed November 29, 1967, the court denied defendants' motions for summary judgment on the ground that there were material issues of fact raised by plaintiff's amended complaint which could only be determined at trial, and on the further ground that plaintiff's amended complaint may state a claim under Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b–5 (17 C.F.R. § 240.10b–5). Plaintiff contends that defendants offered some stockholders of General Baking the opportunity to sell their stock to Goldfield at a premium but did not offer the same opportunity to other General Baking stockholders, including the plaintiff and the members of the class he claims to represent (the class members), and did not disclose Goldfield's offer to plaintiff and the class members. Defendants' motions for reargument and for permission to appeal pursuant to 28 U.S.C. § 1292(b) are denied.

■ Defendants argue that there was no violation of Section 10(b) and Rule 10b–5 when Denison sold its controlling stock in General Baking to Goldfield at a premium (a question which the court did not reach in its memorandum decision of November 29, 1967), and therefore there was no violation when defendants offered stockholders "associated with Denison" the opportunity to sell their stock to Goldfield at a premium. Although a controlling stockholder may be free to bargain for and receive a premium in the sale of controlling stock so long as the sale does not result in injury to the corporation (Essex Universal Corp. v. Yates, 305 F.2d 572, 13 A.L.R.3d 346 (2d Cir. 1962); see Javaras, Equal Opportunity in the Sale of Controlling Shares: A Reply to Professor Andrews, 32 U.Chi.L.Rev. 420 (1965); Hill, The Sale of Controlling Shares, 70 Harv.L.Rev. 986 (1957)), the issue here is whether a controlling stock-

**358**

holder may invite some stockholders but not others to participate in the sale of controlling stock at a premium. Whether a claim may be stated under Section 10(b) and Rule 10b–5 when such an invitation is extended to some stockholders but not to others is analogous to whether trading by an insider on the basis of material undisclosed information (see S.E.C. v. Texas Gulf Sulphur Co., 258 F.Supp. 262 (S.D.N.Y.1966)) may violate Section 10(b) and Rule 10b–5. See Jennings, Trading in Corporate Control, 44 Calif.L.Rev. 1, 7 n. 21 (1956). In both situations, insiders or "tippees" or "associates" may have used their position to take unfair advantage of the other stockholders. As stated by the Court of Appeals in A. T. Brod & Co. v. Perlow, 375 F.2d 393, 397 (2d Cir. 1967), Section 10(b) and Rule 10b–5 "prohibit *all* fraudulent schemes in connection with the purchase or sale of securities, whether the artifices employed involve a garden type variety of fraud, or present a unique form of deception. Novel or atypical methods should not provide immunity from the securities laws."

Whether or not there is a claim against the defendants under Section 10(b) and Rule 10b–5 will depend on the facts developed at trial. The papers before the court do not indicate the identity of the Denison "associates" or when or under what circumstances they purchased their stock, or whether Denison or any of the associates purchased stock in the market with knowledge of Goldfield's offer. Defendants rely on Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir.), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L. Ed. 1356 (1952) and O'Neill v. Maytag, 339 F.2d 764 (2d Cir. 1964), which hold that Section 10(b) does not create a right of action on behalf of stockholders alleging breach of general fiduciary duties not involving deception. In *Birnbaum,* plaintiffs were neither purchasers nor sellers of securities, and in *Birnbaum* and *O'Neill* plaintiffs' claims were based on allegations of corporate mismanagement and violations of fiduciary duty. Here, according to the amended complaint,

plaintiff and the class members are sellers of securities, and the amended complaint alleges fraud and deception in that plaintiff and the class members sold their General Baking stock "at prices at which they would not have sold * * *, had they known the material facts * * * known to the defendants * * *." Depending on the facts developed at the trial, there may be a claim under Section 10(b) and Rule 10b–5.

Defendants' contention that plaintiff and the class members are not defrauded purchasers or sellers of securities because the sale of their stock had no connection with the sale of Denison's stock to Goldfield, assumes that defendants will prevail at trial on the issue raised by plaintiff's amended complaint.

■■ The amended complaint need only state a claim upon which relief can be granted. Cf. Michael v. Clark Equipment Co., 380 F.2d 351 (2d Cir. 1967). It is conceded that Goldfield purchased General Baking stock at a premium from Denison, the controlling stockholder, and from other General Baking stockholders who were invited to participate, and that Goldfield purchased 629,000 shares while Denison only owned 553,900 shares at the time it negotiated the sale. Any inferences from these facts must be viewed most favorably to the plaintiff on a motion for summary judgment (see Shinabarger v. United Aircraft Corp., 381 F.2d 808 (2d Cir. 1967)) and any ambiguities in the amended complaint must be resolved in plaintiff's favor. A. T. Brod & Co. v. Perlow, supra, 375 F.2d at 397.

■ Turning to defendants' alternative motion that the court amend its order filed November 29, 1967 to allow an application to the Court of Appeals pursuant to 28 U.S.C. § 1292(b), it appears that by order dated December 12, 1967 all parties are required to complete their discovery by April 15, 1968 and plaintiff must file his note of issue by that date. Plaintiff has completed his discovery with the exception of one deposition. Development of the facts at trial will define the issues that may have to

be resolved by the Court of Appeals. Defendants argue that they will be required to take the depositions of all the members of the class represented by plaintiff, which class, by order of Judge Ryan filed May 3, 1967, was defined as all stockholders who sold General Baking stock between February 1, 1965 and May 17, 1965. At oral argument, plaintiff's attorney indicated that he was prepared to go to trial on the amended complaint with the plaintiff alone. If plaintiff is successful at trial, then defendants will have an opportunity to appeal before seeking further discovery with respect to the class members. If plaintiff is unsuccessful at trial, further discovery by defendants will be moot. For these reasons, the court is not of the opinion that an immediate appeal from its order of November 29, 1967 will materially advance the ultimate determination of the litigation.

Defendants' motions for an order granting reargument of their motions for summary judgment or, in the alternative, that the court's order of November 29, 1967 be amended to allow an application to the Court of Appeals pursuant to 28 U.S.C. § 1292(b), are denied.

It is so ordered.