Andromeda **CHRISTOPHIDES**, Nicholas Staikos, and Anastasia Staikos, Individually and Derivatively as Stockholders of Brown Company, on Behalf of Themselves and All Other Stockholders of Brown Company similarly situated and in the Right of the Brown Company, Plaintiffs,

v.

**D. A. PORCO et al., Defendants.**

No. 68 Civ. 1562.

United States District Court
S. D. New York.

Aug. 5, 1968.

On Rehearing Sept. 30, 1968.

Sills, Lurie & Nicholson, New York City, for plaintiffs; Leventhall & Zicklin by Robert Zicklin and Donald I. Leventhall, New York City, of counsel.

Pomerantz, Levy, Haudek & Block, New York City, for defendant Gulf & Western; by William E. Haudek and Robert B. Block, New York City, of counsel.

Skadden, Arps, Slate, Meagher & Flom, New York City, for defendant Brown Co.; by William R. Meagher, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants Frank J. Manheim and David Bellows; by Edward N. Costikyan, New York City, of counsel.

White & Case, New York City, for defendant Fasco, Inc.; by David Hartfield, Jr., Haliburton Fales, 2d and Charles Nelson Brower, New York City, of counsel.

## OPINION

POLLACK, District Judge.

The defendants move to dismiss this "10b–5" derivative suit and class action for lack of federal jurisdiction, F.R.Civ. P. 12(b) (1), and for insufficiency of the claim, F.R.Civ.P. 12(b) (6). Plaintiffs are shareholders of and sue on behalf of Brown Company, a Delaware corporation listed on the New York Stock Exchange, and on behalf of other shareholders of Brown.

Defendants are Fasco, Inc., formerly the owner of a controlling block of 23% of Brown's common stock; Gulf & Western, which in January, 1968, purchased Fasco's shares; individual directors of Brown; and, nominally, Brown, itself.

The claim is asserted solely under federal law, Section 10(b) of the Securities Exchange Act of 1934, (15 U.S.C. § 78j) and Rule 10b–5 promulgated thereunder.

Briefly, the plaintiffs allege that Gulf & Western, with the acquiescence of the other defendants, purchased Fasco's stockholdings in Brown at a premium, with the plan to acquire the remaining

outstanding common shares of Brown at a price considerably less than current market price and less than the price paid to Fasco; that Gulf & Western has taken advantage of its position in control of Brown to secure the agreement of Brown's board of directors to the presentation of the offer and plan of acquisition; that since the offer was made, prospective purchasers of Brown have been dissuaded from seeking to purchase its assets; and that since the announcement of the plan, the price of Brown common stock has dropped on the New York Stock Exchange.

The complaint alleges that if the plaintiffs and other shareholders sell their shares to Gulf & Western they will be injured in that they will receive a price lower than that paid to Fasco for its shares in Brown and lower than the price they would have received but for the purchase of Fasco's holdings at a premium; plaintiffs also attack the form of the proposed payment, viz. Gulf & Western debentures lacking intrinsic value and payable in part from the assets and earnings of Brown.

The complaint further alleges that the defendants have breached their respective fiduciary obligations to Brown Company, either as controlling shareholders or as directors. The plaintiffs seek an injunction against any steps to consummate the acquisition plan and an accounting of profits obtained by Fasco from the sale of Brown stock.

The complaint does not allege that the plaintiffs have purchased or sold Brown stock since Gulf & Western formed its plan of acquisition. There is no charge in the complaint of fraud, deceit or manipulation. There is no claim that Gulf & Western paid Fasco more than the market price or its equivalent for Brown shares.

The crux of the action is plaintiffs' assumption that because there was a pre-existing plan to acquire all of Brown's stock, the plaintiffs and other shareholders are entitled to participate in the initial private sale of Fasco's controlling block of stock.

■ Even assuming that Fasco realized a premium for its controlling block, that alone would not entitle plaintiffs to relief. Essex Universal Corp. v. Yates, 305 F.2d 572, 576, 13 A.L.R.3d 346 (2d Cir. 1962); Manacher v. Reynolds, 39 Del.Ch. 401, 165 A.2d 741 (Del.Ch. 1960); see, 3 Fletcher, Cyclopedia Corporations, § 900, p. 325. These cases hold that a majority or controlling stockholder is under no duty to other stockholders to refrain from receiving a premium upon the sale of his stock which reflects merely the control potential of that stock. There is no obligation under such circumstances, to 'share and share alike'. But cf. Ferraioli v. Cantor, 281 F.Supp. 354 (S.D.N.Y.1967). Control is not a corporate asset, but is rather an attribute of stock ownership.

■ Similarly, a purchaser is free to offer a premium for a block of control stock. This is so, even though control stock is purchased pursuant to a plan to acquire the remainder of the shares at a lower price, if, by private purchase or the normal economics of the marketplace, this can be achieved. It is only where fraud, deceit or manipulation enter that a violation of state law or of Rule 10b–5 occurs. Cf. Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir. 1967); Cochran v. Channing Corp., 211 F.Supp. 239 (S.D.N.Y.1962).

Further, even if it were assumed that the directors of Brown had violated their fiduciary management duties by approving the plan of acquisition, the complaint would fail to state a claim for relief under 10b–5.

"* * * where the duty allegedly breached is only the general duty existing among corporate officers, directors and shareholders, no cause of action is stated under Rule 10b–5 unless there is an allegation of facts amounting to deception." O'Neill v. Maytag, 339 F.2d 764, 767–768 (2d Cir. 1964).

Cf. Perlman v. Feldmann, 219 F.2d 173, 50 A.L.R.2d 1134 (2d Cir. 1955), distinguishing breach of a director's fiduciary duty and fraud.[1]

■ The complaint herein seeks an injunction as well as monetary relief. A plaintiff who is neither a purchaser nor a seller is not entitled to damages under Rule 10b-5. Birnbaum v. Newport Steel Corp., 193 F.2d 461, 464 (2d Cir.), cert. den. 343 U.S. 956, 72 S.Ct. 1051, 96 L. Ed. 1356 (1952). The *Birnbaum* doctrine that the class intended to be protected by Rule 10b-5 is limited to purchasers and sellers may no longer be the law in this Circuit in cases seeking injunctive rather than monetary relief. Mutual Shares Corp. v. Genesco, Inc., 384 F.2d 540 (2d Cir. 1967).[2]

The Seventh and Eighth Circuits have construed Rule 10b-5 so as to exclude private suits by persons who are neither purchasers nor sellers where injunctive relief is sought. Thus, shareholders who had not exchanged their shares for certificates offered by opposition shareholders seeking control,[3] and shareholders who had not tendered their shares in response to the corporation's purchase offer,[4] were held not to be within the class intended to be protected by Rule 10b-5 and injunctive relief was denied.

■ Regardless of the resolution of the controversy relating to the class intended to be protected by Rule 10b-5, no case has relaxed the requirement that fraud, deception or manipulation be alleged or shown and those elements are absent from the complaint herein.

■ The complaint also fails to give reasonable notice of and fails to allege facts constituting a claim of threatened or actual injury. A showing of such injury is at all events an indispensable prerequisite to an award of injunctive relief. Greenstein v. Paul, 275 F.Supp. 604 (S.D.N.Y.1967).

The complaint herein is representative of a growing number of 10b-5 suits brought in this Court on unique, esoteric and implausible legal theories. Innovation is not to be discouraged, nor the imaginative instinct dulled. However, claims cloaked in a tissue of confusion devoid of federal jurisdiction or legal merit, impede rather than foster progress in the field of investor protection.

The complaint is dismissed, with costs.

So ordered.

Supplemental Opinion on Reargument

It is plaintiff's contention that the Court overlooked a point in the case, not alleged in their complaint, but cited in an affidavit supplied by plaintiffs' attorney.

■ The affidavits filed on the principal motions were not sufficient to re-

---

1. For a discussion of the distinction between fraud under the Federal Securities Acts and common law "deceit" see generally, 3 Loss, Securities Regulation [2d Ed.], pp. 1430–1444 (1961).

2. In Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir. 1967), the Court of Appeals permitted a shareholder who, under a statutory short-form merger already consummated would be forced to trade his shares for shares in the defendant, to maintain a damages action under 10b-5. The Court expressly found that the plaintiff was, in effect, a seller. The Court did not consider, but labelled as "interesting" the contention of the Securities Exchange Commission that plaintiff need not even be a selling stockholder to sue for damages under 10b-5, so long as the Rule has been violated and plaintiff's stock has lost value as a result. 374 F.2d at 636. Extension of the doctrine of *Genesco* to encompass suits for monetary relief was favored in Lowenfels, "The Demise of the *Birnbaum* Doctrine: A New Era for Rule 10b-5," 54 Virginia L.Rev. 268 (March, 1968). The author characterized the purchaser-seller rule as a "nagging threshhold issue". id. at 277. See also, Note, 42 N.Y.U.L.Rev. 978.

3. Greater Iowa Corp. v. McLendon, 378 F.2d 783 (8th Cir. 1967); accord, Pacific Insurance Company of New York v. Blot, 267 F.Supp. 956 (S.D.N.Y.1967).

4. Jachimiec v. Schenley Industries, Inc., No. 15027 (7th Cir. 1965), cert. den. 382 U.S. 841, 86 S.Ct. 46, 15 L.Ed.2d 82 (#182) (1965).

quire that the motion under Rule 12(b) (6) be treated as one for summary judgment and disposed of as provided in Rule 56, F.R.Civ.P. and the motion was not treated as one for summary judgment based on evidence. Even if the point suggested by the affidavit could be deemed legally significant, its presentation as evidence was not accomplished by an attorney's conclusory and argumentative contention; an attorney's affidavit not upon personal knowledge or referable to sources of actual knowledge of the facts, leaves the record for purposes of summary judgment as it was without any affidavit at all. Cf. Berkley v. Clark Equipment Co., 22 F.R.D. 487 (E.D.N.Y.1958); Abel v. Morey Machinery Co., Inc., 10 F.R.D. 187 (S.D. N.Y.1950).

To meet this situation, and as further relief on reargument, plaintiffs request leave under Rule 15, F.R.Civ.P. now to amend and supplement their pleading to assert the matters indicated in the attorney's affidavit and thus seek to cure the insufficiency of the complaint and the absence of federal jurisdiction over the attempted controversy. The proposed new matter relates to an event subsequent to the commencement of this suit.

Briefly summarized: After defendant Fasco sold its shares of Brown Company to defendant Gulf & Western (the sale was in January, 1968) and after Gulf & Western announced its plan in April, 1968, to solicit tenders of Brown stock from other stockholders, the board of directors of Brown, in June, 1968, voted to pass the dividend which it normally declared on Brown's stock. The affidavit of plaintiffs' attorney recited it thus:

"However, one of the important details which plaintiffs intends (sic) to prove at trial, and which is subsumed by ¶ 17(b) [alleging Gulf & Western breached its fiduciary duty to Brown Company as controlling shareholder of the latter], is that the board of directors of Brown Company, of which the individual defendants are members, to coerce its outsider stockholders to accept the unfair tender offer and to preserve the cash position of Brown Company so that Gulf & Western could utilize this cash to pay for such tendered stock voted to withhold the June 1968 dividend which had been paid without interruption for the prior seven years."

The charge is made that Gulf & Western as a controlling stockholder together with the directors of Brown, acted to preserve Brown's cash by not declaring a June 1968 dividend and that their purpose was to coerce the outsider stockholders of Brown to accept an allegedly unfair offer to receive tenders and to enable Gulf & Western to utilize the cash to pay for tendered stock. There is no allegation that any cash was so used. At all events, such a charge is irrelevant to the federal claim attempted here to be asserted. The significance of such a charge, if any, might be in respect of some sort of state-created claim for fiduciary breach over which this Court lacks jurisdiction herein.

The plaintiffs have also seized upon the recent decision of the Court of Appeals, Second Circuit, in S. E. C. v. Texas Gulf Sulphur Co., 401 F.2d 833, (1968) claiming that upon a trial plaintiffs would attempt to show that in January, 1968 when Fasco sold its Brown stock to Gulf & Western, Fasco had "inside knowledge" that at the June 1968 dividend meeting, the directors would vote to withhold the usual Brown dividend, and Fasco, having sold its shares without disclosure to the investing public of what it knew, had violated Rule 10b–5.

The plaintiffs' imaginative reading of *Texas Gulf Sulphur* on insider disqualification would carry the standard set in that case to inapplicable situations and would stretch too far the seeming sweep of *Texas Gulf Sulphur*.

The sale to a private purchaser by an outsider of his stockholdings on advance knowledge that a dividend would be passed, does not give rise either to a corporate federal cause of action against

the insider or to a derivative federal claim on the behalf of the corporation by its stockholders.

Neither do the non-purchasing (or non-selling) plaintiffs in their individual capacity, by such allegations, assert a basis for relief under Section 10(b) and Rule 10b–5. A violation of the federal law may be asserted only by a defrauded purchaser or seller. The purchaser of the shares owned by the defendant Fasco is not here asserting any claim in respect of its purchase. The plaintiffs herein are neither defrauded purchasers nor sellers; neither did they or their class tender or sell any shares to Gulf & Western or to Brown.

 In this Circuit, it is the law that amendment after dismissal of a complaint, lies in the sound discretion of the Court. Swan v. Board of Higher Education of the City of New York, 319 F.2d 56 (2d Cir. 1963). Rule 15(a), F.R. Civ.P., requires that leave of Court to amend a complaint "shall be freely given when justice so requires". In exercising discretion, the Court may properly consider whether the party seeking amendment has a reasonable excuse for not having included known matter in his pleading prior to the dismissal and may also consider the possible legal substance of what is sought to be added to revive the suit.

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Rule 15(a) F.R.Civ.P. A motion to dismiss a complaint under Rule 12 is not a responsive pleading within the Rule permitting amendment as of right. Miller v. American Export Lines, Inc., 313 F.2d 218 (2d Cir. 1963); Swan v. Board of Higher Education of the City of New York, 319 F.2d 56 (2d Cir. 1963), 3 Moore's Federal Practice ¶ 15.07[2] (2d ed. 1968). Plaintiffs with knowledge that the directors of Brown had voted to pass the June dividend, were free, but apparently chose not to amend their complaint by adding this information thereto prior to the ruling on the motion to dismiss the complaint.

Furthermore, as shown by the previous analysis, even with the added matter, the complaint does not measure up to a case coming within federal law and the jurisdiction of this Court.

In sum, there was no oversight in deciding the motions and justice does not require the grant of leave to amend the complaint. In the exercise of the Court's discretion, the motion of plaintiffs is, in all respects, denied.

So ordered.