E. F. ERLING, individually and on behalf of all other similarly situated former shareholders of the National Life of America, Plaintiff,

v.

F. C. POWELL, D. D. Powell, H. H. Helgerson and Stockman National Life Insurance Company, a corporation, Defendants.

Civ. No. 68–36S.

United States District Court
D. South Dakota, S. D.
April 23, 1969.

The instant controversy arises out of the sale of certain shares of common stock of the National Life of America, a South Dakota insurance corporation. The plaintiff, E. F. Erling, was at all times relevant a minority shareholder of the corporation. Defendants were majority and selling shareholders. The sale was made to third parties. Plaintiff, seeking to maintain this action for damages both as a class suit and a shareholders' derivative action, has pleaded various theories of recovery in eleven divisions of his complaint. The essence of the claim is that defendants' sale of a controlling interest in National Life was effected under such conditions and with such knowledge as to violate Securities Exchange Commission Rule 10b–5. Jurisdiction of this Court is thus said to be founded upon Section 27 of the Securities Exchange Act of 1934, 15 U.S. C.A. Section 78aa. The merits of this claim are not now disputed. Rather, the sole question raised by the motion to dismiss is whether the plaintiff, considered either as a class of minority shareholders or as the corporation itself, has standing to enforce Rule 10b–5.

The ambit of standing to sue within Rule 10b–5 has long been measured by the purchaser-seller limitation. This limitation originated in Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir. 1952), wherein it was said:

> When Congress intended to protect the stockholders of a corporation against a breach of fiduciary duty by corporate insiders, it left no doubt as to its meaning. Thus Section 16(b) of the Act of 1934 * * * expressly gave the corporate issuer or its stockholders a right of action against corporate insiders using their position to profit in the sale or exchange of corporate securities. The absence of a similar provision in Section 10(b) strengthens the conclusion that that section was directed solely at that type of misrepresentation or fraudulent practice usually associated with the

George A. Bangs, of Bangs, McCullen, Butler & Foye, Rapid City, S. D., and Chandler L. Beach, of Benson, Beach & Fingerson, Huron, S. D., for plaintiff.

Robert C. Heege and Lawrence Piersol, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendants.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is predicated upon defendants' motion to dismiss.

sale or purchase of securities rather than at fraudulent mismanagement of corporate affairs, and that Rule X–10B–5 extended protection only to the defrauded purchaser or seller. *Id.* at 464.

The United States Court of Appeals for the Eighth Circuit has expressly approved the *Birnbaum* rule. See Greater Iowa Corp. v. McLendon, 378 F.2d 783, 791 (8th Cir. 1967). It follows that the complaint must be dismissed unless Birnbaum is inapplicable.

■ The plaintiff, viewed as a class of minority shareholders, was not the seller or purchaser of the stock in question. Nor can the circumstances of the alleged fraudulent practice lend plaintiff the status of a "forced seller." See Mutual Shares Corp. v. Genesco, Inc., 384 F.2d 540 (2d Cir. 1967); Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir. 1967). Absent seller or purchaser status this action cannot be maintained by the class which plaintiff seeks to represent.

■■ Shareholders' derivative suits are brought for the benefit of the corporation. In this sense National Life is the plaintiff herein. The corporation, however, was not the purchaser or seller of the shares in question. Nor can the *Birnbaum* requirement be obviated here by treating the corporation as "issuer" of shares in the transaction alleged to be fraudulent. See Ruckle v. Roto American Corp., 339 F.2d 24 (2d Cir. 1964). Absent purchaser or issuer-asseller status this action cannot be maintained by the plaintiff for the benefit of National Life.

Plaintiff urges, however, that the *Birnbaum* rule has undergone significant erosion in the Second Circuit, see, e. g., Vine v. Beneficial Finance Co., supra; Perlman v. Feldmann, 219 F.2d 173, 50 A.L.R.2d 1134 (2d Cir. 1955), and that the purchaser-seller limitation is no longer being observed at trial level, see Entel v. Allen, 270 F.Supp. 60 (S.D.

N.Y.1967). In this regard it is worthy of mention that the most recent treatments of the subject by the United States Court of Appeals for the Second Circuit refrain from clear disapproval of the *Birnbaum* rule. See Schoenbaum v. Firstbrook, 405 F.2d 200 (2d Cir.) rev'd in part on rehearing on other grounds, 405 F.2d 215 (1968); General Time Corp. v. Talley Industries, Inc., 403 F.2d 159 (2d Cir. 1968); Heit v. Weitzen, 402 F.2d 909 (2d Cir. 1968). The purchaser-seller limitation enjoys continuing vitality at trial level. See Vanderboom v. Sexton, 294 F.Supp. 1178 (W.D.Ark. 1969) (by implication); Fidelis Corp. v. Litton Industries, Inc., 293 F.Supp. 164 (S.D.N.Y.1968); Hambros Bank, Ltd. v. Meserole, 287 F.Supp. 69 (S.D. N.Y.1968). And the position has been taken that the erosion in *Birnbaum* asserted by plaintiff applies only to actions for *injunctive* relief under Rule 10b–5, the purchaser-seller limitation thus remaining applicable to actions for damages. See Christophides v. Porco, 289 F.Supp. 403 (S.D.N.Y.1968).

The Court believes that the law of this Circuit is that of the *Birnbaum* and *Greater Iowa* decisions. Counsel for plaintiff has recognized the novelty of his position in a recent article. See Bangs, Rule 10b–5 and the South Dakota Lawyer, 14 S.Dak.L.Rev. 56 (1969), wherein it is said:

> One rather fascinating area is yet to be tested under 10b–5. It has been recognized for a considerable period of time that a controlling stockholder who sells out to persons whom he knows or should, in the exercise of reasonable diligence, apprehend, have designs to loot or deal fraudulently with the corporation is liable to the minority shareholders for the resultant injuries to the corporation. The author's research has uncovered no case in which 10b–5 has been utilized to redress this type of wrong. *Id.* at 77–78.

The complaint must be dismissed.

A further ground for dismissal argued and submitted by the parties arises out of the Court's judgment in prior litigation in this District involving the same general fact pattern as the instant cause. See Stockman Nat'l Life Ins. Co. v. Shively, Civil No. 64–51S. In *Shively* a National Life shareholder brought a class and shareholders' derivative action against persons who were in substance alleged to be looting the corporation. The action was settled and a judgment entered containing the following language:

> That the plaintiffs and all other persons before the Court similarly situated or for whose benefit the action has been maintained by plaintiffs are permanently restrained and enjoined from instituting or prosecuting any proceeding in any State or United States court affecting any claim or demand whatsoever involved in or related to this action or the subject matter thereof.

The question thus raised by the motion to dismiss is whether maintenance of the instant action is precluded by the terms of the judgment in *Shively*. The Court does not decide this question in view of the resolution of the standing issue under Rule 10b–5. It must be noted, however, that there is merit in defendants' position. The Court believes, without expressly so deciding, that two actions have been brought for the vindication of a single legal right.

Plaintiff's complaint includes certain state common law claims which are asserted to be pendent to those brought under Rule 10b–5. When federal claims are dismissed before trial it is appropriate to dismiss the state claims as well. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, it is hereby ordered that the motion to dismiss will be sustained and the complaint dismissed at plaintiff's costs.