Ellen FLAUM, on her own behalf and on behalf of all other persons similarly situated, Plaintiff,

v.

BOARD OF EDUCATION OF the EAST RAMAPO CENTRAL SCHOOL DISTRICT, Defendant.

No. 77 Civ. 4003 (CHT).

United States District Court, S. D. New York.

May 9, 1978.

Robert M. Feinson, Edward Joel Meyer, Middletown, N.Y., for plaintiff.

Greenberg & Wanderman, Spring Valley, N.Y., for defendant.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff Ellen Flaum, a teacher formerly employed by the defendant Board of Education of the East Ramapo Central School District ("the Board"), has filed a class action complaint charging the Board with employment discrimination in violation of Title VII of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. §§ 2000e *et seq.* She has moved for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rules"). Mrs. Flaum contends that she and others similarly situated have been and will be unlawfully discriminated against in the accumulation of employment seniority because of Board policy that seniority accrual is suspended during maternity leave. She alleged upon information and belief that the Board does not similarly toll seniority accrual in other leave or sick-time situations and that as a result of this disparity she and others have been unjustly ranked lower in teaching seniority and that as a consequence she lost her employment. The Board has moved for dismissal of the complaint, alleging that Mrs. Flaum has failed to state a claim upon which relief can be granted. Rules 12(b)(6) and 12(h)(2). For the following reasons the Board's motion to dismiss is granted; plaintiff's motion for class certification is consequently denied as moot.

Mrs. Flaum was hired by the Board as an elementary school teacher effective September 1, 1969. "From June 30, 1970, until June 30, 1972, plaintiff was on maternity leave which had been granted by the defendant." Complaint ¶ 8. Although the complaint states upon information and belief that the Board's policy at that time was "to require a pregnant teacher to take maternity leave for a specific period whether she was disabled or not," *id.* ¶ 20, it nowhere appears that the attenuated length of Mrs. Flaum's leave was coerced. Mrs. Flaum returned to teaching part time for the school year 1972–73 and full time thereafter until 1976 when, because of her place on defendant's seniority list, she lost her permanent position. She worked the following year as a permanent substitute teacher but on June 30, 1977, her appointment was terminated entirely, again for lack of seniority. Her tenure had been granted, according to regular Board procedure, in February 1975; that date reflects the point at which her three years' full-time probationary service was complete, calculating full and part-time work and omitting the two years' maternity leave.

In June 1976 Mrs. Flaum took her seniority grievance to the New York State Division of Human Rights, which, on April 14, 1977, rejected her claim as untimely, stating that if there had been any discrimination it was not at the time of the 1976 dismissal but in 1975, when tenure was granted omitting the years spent on maternity leave. Determination and Order After Investigation, Case No. III E–S–2046–76E, E–S–43477–76, Defendant's Notice of Motion, Exhibit 1.[1] The same complaint which eventuated in that determination was also filed with the federal Equal Employment Opportunity Commission ("EEOC"). No action was taken by the EEOC, and pursuant to 42 U.S.C. § 2000e–5(f)(1) Mrs. Flaum was notified that she could commence the instant proceeding. Although this Court does not adopt the reasoning of the New York Division of Human Rights, its conclusion is the same—that Mrs. Flaum's complaint is barred by the inapplicability of Title VII to defendant's pre-1972 policies.

In 1972 the Congress amended Title VII to bring theretofore exempt educational institutions within the ambit of the statute's proscription of employment discrimination based, inter alia, on the sex of the employee. Pregnancy-related disparities in sick leave and other job benefit policies have been considered within the context of the statute as amended, *e. g., Monell v. Department of Social Services,* 532 F.2d 259 (2d Cir. 1976), *cert. granted,* 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977); *Vick v. Texas Employment Commission,* 514 F.2d 734 (5th Cir. 1975). However, in *Monell* the United States Court of Appeals for the Second Circuit held, as it had in *Weise v. Syracuse University,* 522 F.2d 397 (2d Cir. 1975), that the 1972 amendments could not be used retroactively to create a cause of action based on a pre-1972 pregnancy-related discriminatory act committed by an institution not then included within the constraints of Title VII. Indeed, the *Monell* court noted that in *Cleveland Board of Education v. LaFleur,* 414 U.S. 632, 639 n. 8, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), the Supreme Court expressed the view that the 1972 amendments were not to be applied retroactively when it stated that those amendments were "inapplicable" to the constitutional-claim cases then before the Court.

■ In the case at bar the plaintiff was discriminated against, if at all, between 1970 and 1972, the period during which the seniority "clock" stopped running because of her maternity leave. That period was before the passage of a statute "creating new rights where none had previously ex-

---

1. The Determination and Order noted that [h]ad complainant been entitled to credit toward her probationary period of the entire two years that she spent on maternity leave, obviously she would have been entitled to an appointment on tenure at the conclusion of the 1971–72 school year. This, of course, would yield the odd result that she would have been entitled to tenure despite the fact that she worked but one year of a three-year probationary period and further that she would not even have been teaching at a time when she was entitled to tenure.

isted." *Weise, supra,* 522 F.2d at 410–11. Thus, Mrs. Flaum was simply not legally wronged at that time.

■ Furthermore, even if, as plaintiff argues, the amendments to Title VII took effect on March 24, 1972, P.L. 92–261, and even if she had a colorable claim under the amendment for that seniority uncredited between the effective date of the legislation and the end of her maternity leave, *i. e.,* March 24, 1972 to June 30, 1972, that claim is now lost to her through laches. The statute in effect in 1972 (then 42 U.S.C. § 2000e–5(d), now 42 U.S.C. § 2000e–5(e)) gave Mrs. Flaum only ninety days beyond June 30, 1972 within which to file her complaint of employment discrimination or suffer a permanent bar to its assertion. *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 554 n. 4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1976); *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Mrs. Flaum's failure to complain in 1972 puts her current complaint squarely within the compass of the Supreme Court comment in *United Air Lines, supra,* 431 U.S. at 558, 97 S.Ct. at 1889, that

> [a] discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences.

In Mrs. Flaum's case the Board's refusal to grant seniority prior to the effective date of the 1972 amendments is a fact without legal consequences, and its refusal to credit seniority between the time of the amendment and the end of her maternity leave is a claim barred by laches.

In obvious recognition of the lack of statutory authority for her complaint, Mrs. Flaum has attempted to characterize her injury as one currently inflicted due to a continuing wrong on the part of the Board. She argues that the loss of permanent status in 1976 and the 1977 termination of her job are the substantive wrongs done her and points to the fact that her damage request asks not for back pay to cover the 1970–1972 leave but only for the differential between what she earned in 1976 as a permanent substitute and what she would have earned with higher seniority in a regular position plus what she would have earned had she not been fired in 1977. Clearly what Mrs. Flaum complains of is the currently adverse impact of a policy that affected her from 1970 to 1972; no amount of rephrasing can change the fact that demotion to permanent substitute status, eventual job termination and concomitant losses in pay flowed only from the defendant's act of withholding her seniority during that maternity leave. Therefore, since Mrs. Flaum is foreclosed from arguing that the withholding of seniority credit for her maternity leave was a legally cognizable discriminatory act, the real issue is whether the present effect of that decision on her seniority represents the actionable perpetuation of putative pre-amendment discrimination by the Board. Under the authority of Section 703(h) of Title VII, 42 U.S.C. § 2000e–2(h), as construed in *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), the answer must be in the negative.

The statute provides in pertinent part:

> Notwithstanding any other provision of this subchapter, it shall not be an unlawful employment practice for an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment pursuant to a bona fide seniority . . . system . . . provided that such differences are not the result of an intention to discriminate because of . . . sex . . . .

The *Teamsters* Court explored the legislative history of the statute and concluded that Congress had "extended a measure of immunity" to seniority systems which by their nature freeze the status quo of prior discriminatory practices. *Id.* at 350, 97 S.Ct. 1843. The Court stated, in the con-

text of the racial discrimination alleged in that case:

> In sum, the unmistakable purpose of § 703(h) was to make clear that the routine application of a bona fide seniority system would not be unlawful under Title VII. As the legislative history shows, this was the intended result even where the employer's pre-Act discrimination resulted in whites having greater existing seniority rights than Negroes. Although a seniority system inevitably tends to perpetuate the effects of pre-Act discrimination in such cases, the congressional judgment was that Title VII should not outlaw the use of existing seniority lists and thereby destroy or water down the vested seniority rights of employees simply because their employer had engaged in discrimination prior to the passage of the Act.

*Id.* at 352–53, 97 S.Ct. at 1863. Like reasoning certainly applies in cases of sex discrimination. To be sure, all seniority systems are not totally insulated from attack; those currently lacking the bona fide neutrality mandated by Title VII would not be protected from a claim brought by one with standing to complain of the current discriminatory practice. Mrs. Flaum is not such a person. Her pre-1972 loss was not then legally cognizable, and she does not assert that the Board's post-1972 seniority system operated toward her in other than a neutral manner. Therefore she cannot complain of current Board practices—if any—which do not pass muster and she falls within the admonition of the Supreme Court that "Congress did not intend to make it illegal for employees with vested seniority rights to continue to exercise those rights, even at the expense of pre-Act discriminatees." *Id.* at 354, 97 S.Ct. at 1864.

For the foregoing reasons, the Board's motion to dismiss the complaint is granted. Furthermore, because Mrs. Flaum is not a member of a class which could challenge the current application of the Board's maternity leave policies, she cannot purport to represent those who might have present grievances against the Board. *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); *Greenstein v. Paul,* 275 F.Supp. 604 (S.D.N.Y.1967). Therefore, her motion for class certification pursuant to Rule 23 is denied.

So ordered.