Rose SCHWABENBAUER, Plaintiff,

v.

BOARD OF EDUCATION OF the CITY SCHOOL DISTRICT OF the CITY OF OLEAN, and Harry S. Leonelli, Charles L. Kinney, Mary Chicola, Martin Faragher, Della Moore, Edward H. Radigan, Paul J. Schafer, John J. Sheehan, Norman R. Utecht, all as members of the Board of Education of the City School District of the City of Olean, Defendants.

No. CIV–77–588E.

United States District Court,
W. D. New York.

June 5, 1981.

Emanuel Tabachnick, Williamsville, N. Y., for plaintiff.

H. Kenneth Schroeder, Jr., Buffalo, N. Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Now before me in this action charging discrimination on account of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, are plaintiff's motion for attorney's fees and defendant's motion to retax costs; additionally, as the lack of resolution of these matters is all that prevents entry of a final order, I will direct the entry of such.

Plaintiff's counsel seeks an award of $75 per hour for 169.5 hours, totaling $12,712.50. Plaintiff has been represented throughout these proceedings by Emanuel Tabachnick, Esq., counsel to Bernard F. Ashe, Esq. Both these persons are salaried employees of New York State United Teachers ("NY-SUT"), a labor union of which plaintiff has been and remains a dues-paying member. Tabachnick works at NYSUT's Williamsville, N. Y. office, where NYSUT provides Tabachnick with a library, secretarial services and other normal office support services. All legal services in connection with this suit have been provided free of charge to plaintiff. Tabachnick has stated that any fees awarded herein would not be retained by plaintiff or by her counsel personally, but would be paid over to NYSUT and retained by that organization.

Defendants object to payment of any fees on several grounds: first, that requiring payment of fees would in this case force the employer to subsidize the union; second, that as plaintiff did not pay these attorney fees, permitting them would constitute a form of double recovery, and third, that the union is not authorized to practice law and may not therefore receive legal fees. Defendants also object to the requested rate of $75 per hour on grounds that while such a fee would ordinarily be reasonable, such would normally include a certain figure for office expenses, which Tabachnick did not individually incur. Defendants do not contest the reasonableness of the hours spent herein. I have concluded that there are herein no special circumstances that would make an award of fees unjust and that the amount requested is reasonable.

Although an award of attorney's fees is an equitable remedy, my discretion on the issue of fees is narrowly confined. Plaintiffs prevailing in Title VII litigation are essentially entitled to attorney's fees

unless special circumstances would make an award of fees unjust. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 2030, 2033, 64 L.Ed.2d 723 (1980); *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). It is also well-established that representation by a lawyer employed by a non-profit corporation such as the NAACP Special Contribution Fund (which, like the NYSUT herein, is also not as an organization entitled to practice law) is not a special circumstance justifying denial of attorney's fees. *New York Gaslight Club v. Carey, supra*, 100 S.Ct. at 2027 n.1, 2034 & n.9, *Torres v. Sachs*, 538 F.2d 10, 13 (2nd Cir. 1976). Neither defendants, nor my own research, has produced any authority suggesting that a labor organization should for present purposes be treated less favorably than a more traditional "public interest" organization. Herein, the union's representation has secured to plaintiff her rights under law and, more important, has vindicated the overriding public interest in vigorous enforcement of Title VII. NYSUT is entitled to reimbursement for services rendered by its staff counsel. At oral argument, defendants stressed that labor unions are not entitled to attorney's fees for representation of members at labor arbitrations and argues that the rule should be no different here. To this contention, it is sufficient to note that under the "American rule" parties to litigation are required to bear their own attorney's fees except where otherwise provided and that the civil rights acts constitute one of these specific provisions. Defendants' analogy is simply not valid.

█ Additionally, as NYSUT provides to Tabachnick support services very similar to those maintained by any law office, there is no basis for reducing what is otherwise conceded to be a reasonable fee on the grounds that there are no office overhead expenses. Inasmuch as plaintiff's counsel Tabachnick is an able and experienced attorney who diligently prosecuted plaintiff's claim against strenuous opposition, I find, based on plaintiff's application and my own knowledge of fees prevailing in the Buffalo, N. Y. metropolitan area, that $75 is a reasonable "lodestone" figure for computing attorney's fees and that there are no factors justifying a modification of such fees. The parties agree that the amount of time requested is reasonable.

█ Defendant's motion to "retax costs" involves an item of $382.50 for "printing four briefs." Defendants argue that there is no authority for taxing such costs under 28 U.S.C. § 1920 or Local Rule 31(a). I need not explore this issue in depth; for present purposes it is sufficient to note that printed briefs are not required in this court, that the briefs in question do not appear to have been printed at all, but merely typewritten and photocopied and that I was advised at oral argument that such photocopying was performed at NYSUT facilities in Albany, N. Y. A claim for $382.50 for such is so disproportionate to the actual expense that might have been incurred that I will disallow such entirely.

I have determined herein that plaintiff achieved tenure by acquiescence September 1, 1971, 498 F.Supp. 119, D. C. She is, accordingly, entitled to reinstatement to her position as a public school teacher in defendants' employ, with seniority dating from September 1, 1968. She is further entitled to back wages, less interim earnings, plus interest, beginning with the 1972–73 school year and continuing to the present; the parties have stipulated as to these amounts.[1]

Accordingly, it is hereby ORDERED;

1. Computation of these amounts was not entirely straightforward. The parties' stipulations showed school teacher salaries by fiscal years ending June 30th, but computed plaintiff's earnings and receipt of unemployment insurance by calendar years. I have assumed that plaintiff's earnings and unemployment insurance benefits were largely uniform; of each calendar year's receipts I allocated one-half to the fiscal year ending June 30th of that calendar year, and one-half to the fiscal year beginning July 1st of that calendar year. No greater precision was possible in the circumstances; additionally, because plaintiff's actual earnings were small in comparison to the salary owed, the error, if any, will be minor.

1) that plaintiff be reinstated to her former position as a teacher, with seniority from September 1, 1968;

2) that plaintiff recover as back wages the following amounts: $10,005.50, plus interest from June 30, 1973 to date of payment; $10,836.63, plus interest from June 30, 1974 to date of payment; $11,946.38, plus interest from June 30, 1975 to date of payment; $13,089.71, plus interest from June 30, 1976 to date of payment; $14,401.88, plus interest from June 30, 1977 to date of payment; $14,837.92, plus interest from June 30, 1978 to date of payment; $15,398.77, plus interest from June 30, 1979 to date of payment; $15,875.77, plus interest from June 30, 1980 to date of payment; and $17,162.75 plus interest from June 30, 1981 to date of payment.

3) that plaintiff's counsel, Bernard F. Ashe, Esq., recover the sum of $12,712.50 as and for reasonable attorney's fees;

4) that plaintiff recover as costs in this action those sums awarded by the Clerk of this Court, less the allowance of $382.50 for printing.

