■ In the Matter of BOARD OF EDUCATION OF FARMINGDALE UNION FREE SCHOOL DISTRICT, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the respondent State Human Rights Appeal Board, dated November 25, 1980, which affirmed a determination of the respondent State Division of Human Rights which, after a hearing, *inter alia,* found that petitioner had discriminated against the complainant on the basis of sex, in the terms, conditions and privileges of employment. Petition granted, on the law, without costs or disbursements, determination annulled and complaint dismissed. Complainant was appointed by petitioner board of education (hereinafter the board) to the position of elementary school teacher in 1956. She served in that capacity until January, 1959 at which time, pursuant to the regulations then in effect, she was compelled to resign due to pregnancy. In 1963 complainant was rehired and, with the exception of two leaves of absence, has since been continuously employed. In 1977, in preparation for excessing teachers, a seniority list was prepared; pursuant to the board's general policy, complainant was denied credit for her preresignation service. As a result, she filed a complaint with respondent New York State Division of Human Rights containing a two-pronged attack against the board's activities. First, she argued that the loss of preresignation service credit resulted from the board's discriminatory former policy of compelling the resignation of nontenured pregnant teachers (a regulation which was rescinded sometime before 1975); second, she contended that the present policy of denying preresignation service credit was discriminatorily applied in that a male teacher had been permitted to withdraw his June, 1972 resignation in August, 1972, with no loss of preresignation credit. The State Division of Human Rights and the appeal board concluded that the board had discriminated against complainant on the basis of sex and granted the relief requested. Annulment is required. The first prong of the complaint should not have been entertained. The discriminatory act complained of was in reality the policy of compelling resignations due to pregnancy, not the attendant loss of seniority. Therefore, complainant's cause of action arose in 1959 at the time of her resignation, not in 1977 when its effect may have been felt. (See *Matter of Queensborough Community Coll. of City Univ. of N. Y. v State Human Rights Appeal Bd.,* 41 NY2d 926; *Flaum v Board of Educ.,* 450 F Supp 191.) In 1959 section 296 of the Human Rights Law had yet to proscribe discrimination on the basis of sex; hence the Division of Human Rights was without jurisdiction to consider this aspect of the complaint. Further, the first prong of the complaint, filed substantially after the statutory one-year period of limitations, was untimely. (Executive Law, § 297, subd 5; see *Board of Educ. v New York State Div. of Human Rights,* 44 NY2d

902, 904.) In so holding we reject complainant's contention that the limited act of compelling maternity resignations might be deemed a continuing act of discrimination which would render the complaint timely pursuant to 9 NYCRR 465.3 (e). Any act of discrimination may affect matters long after the act is committed; however, unless the act itself is continuous, 9 NYCRR 465.3 (e) should not be read to preserve the cause of action. (See *Flaum v Board of Educ., supra.)* The second prong of the complaint, that the board discriminatorily enforced its policy of denying credit for preresignation service, although timely, was not supported by substantial evidence. Supporting her claim of discrimination, complainant points to an incident in which a fellow teacher who had resigned in June, 1972 was permitted in August, 1972 to rescind that resignation and regain his position with no loss of preresignation credit. This was an isolated inconclusive incident which could be explained as readily by the dissimilarity of the underlying facts as by the tenuous conclusion of discrimination. Damiani, J. P., Lazer, Mangano and Weinstein, JJ., concur.