OPINION OF THE COURT
Chief Judge Cooke.
The question here is whether a seniority system can be found to discriminate now against a woman when, in computing seniority, it disregards all service rendered prior to a resignation compelled because of pregnancy, notwithstanding that the Human Rights Law did not prohibit sex-based discrimination when the pregnancy-related resignation was originally demanded. Such a system can be found to be discriminatory.
Complainant Rose Burns was first hired in September, 1956 by respondent Board of Education of Farmingdale Union Free School District (Board) on probationary status as an elementary classroom teacher. She remained in that position until January 31, 1959, at which time she resigned under a Board regulation requiring the resignation of pregnant nontenured teachers. She was told that the resignation would not affect her return to work. In March, 1963, the Board approved complainant’s return, subject to a three-year probationary period. At that time, complain *260 ant was credited toward tenure and salary with the two and one-half years of service accrued prior to her forced resignation. Complainant worked continuously as a permanent teacher until 1978, except for unpaid maternity leaves between 1964 and 1971. The forced resignation policy was rescinded in May, 1975.
In 1976, the Board negotiated a collective bargaining agreement that eliminated a job security clause present in previous contracts. Apparently anticipating layoffs, the Board prepared a seniority list of all teaching personnel. In April, 1978, complainant first learned of the list and her place on it, and immediately questioned the computation of her seniority as she had been denied credit for her preresignation service. Complainant was informed that the Board’s practice for all personnel was to disallow preresignation service for . credit toward seniority. Complainant promptly filed a complaint with the State Division of Human Rights (Division) in May, 1978.
Following a hearing, the Division sustained the complaint. Specifically, the Division found that the prior forced resignation policy was discriminatory and that complainant’s seniority status was a direct product of that policy. The Division further found that the seniority list in 1978 continued the enforcement of a prior discriminatory practice and was intended to disadvantage complainant currently because of her sex. The Division ordered the Board to revise the seniority list to include credit for complainant’s preresignation service. The State Human Rights Appeal Board affirmed the Division’s decision and order.
The board of education thereafter instituted a review proceeding in the Appellate Division pursuant to section 298 of the Executive Law. The Appellate Division granted the petition and annulled the determination (82 AD2d 883). In that court’s view, the discriminatory act complained of was the forced resignation policy of which complainant was a victim in 1959. As such, the complaint was time barred. On the appeal to this court, there should be a reversal.
It is true that complainant’s forced resignation in 1959 cannot itself form the basis of a complaint under the Human Rights Law. Section 296 of the Executive Law first *261 proscribed discrimination based on sex by amendment only in 1965 (L 1965, ch 516). Additionally, the complaint was time barred, having been filed well over one year after the alleged discriminatory act of forcing resignation because of pregnancy (see Executive Law, § 297, subd 5; State Div. of Human Rights [Williams] v Burroughs Corp., 52 NY2d 748; Matter of Queensborough Community Coll. of City Univ. of N. Y. v State Human Rights Appeal Bd., 41 NY2d 926). The Appellate Division therefore correctly determined that application of the forced resignation policy in 1959 is not now actionable. That determination, however, does not end the inquiry.
The Division maintains that the seniority system first developed after the 1976 collective bargaining agreement constitutes a discrete act upon which a discrimination complaint can be based. Initially, it should be noted that in reviewing a determination of the Division, a court generally is not free to substitute its judgment for that of the Division. As this court has recognized, “the division’s expertise in evaluating discrimination claims and formulating appropriate remedies may not be lightly disregarded in view of its wide discretion, legislatively endowed, to weigh and assess the conduct of the parties and to reach conclusions based on what is fairly inferable from the facts” (State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd., 48 NY2d 276,284). Giving due deference to the body charged with enforcing this State’s antidiscrimination laws, it cannot be said that the Division erroneously determined that the seniority system currently disadvantages complainant because of her sex.
As the Division argues, the practice it found discriminatory is not the forced resignation itself, but the disallowance of seniority credit for service preceding a resignation compelled because of pregnancy. The seniority system devised by the Board purports to treat all teaching personnel equally, disallowing credit for service preceding any resignation. The system, however, does not take into account the only resignation that was forced — that of a pregnant nontenured teacher. The system thus imposes a distinct burden on a woman who became pregnant during service (cf. Nashville Gas Co. v Satty, 434 US 136), effectively *262 penalizing her again for her prior pregnancy. The facially neutral system cannot mask the unfavorable employment consequences attendant only upon pregnancy. The discrimination at its base need not go uncorrected.
Respondent Board cannot avoid the determination of discrimination by characterizing the loss of seniority as only the latent effect of the 1959 forced resignation. Complainant felt the effect of the resignation policy in 1959 when she was forced to resign. As noted, that policy did not then violate a statutory proscription and a complaint thereon is untimely. The complaint, however, also seeks to redress a distinct discriminatory wrong first perpetrated and felt when a new seniority system was devised. The Board’s system effectively revived the policy and constituted a separate discriminatory act — loss of seniority.
Similarly unpersuasive is the Board argument that the loss of seniority occurred upon resignation and thus was actionable only then. The record does not support this assertion or the claim that complainant knew or should have known in 1963 that her preresignation service would not be credited for seniority. At the time of her resignation, complainant was told that her return to employment would be unaffected. When she did return in 1963, her preresignation service in fact was recognized for purposes of tenure (which she attained in October, 1963) and of salary computation — the only benefits then available for which past service might have been given credit. When benefits associated with seniority first became available in 1977 (with the elimination of the job security clause from the collective' bargaining agreement), the failure then to give compensable credit for purposes of seniority benefits to complainant’s preresignation service afforded support for a finding of discrimination based on sex in 1977. It was not until April, 1978 that complainant first learned of the newly prepared seniority list disallowing credit for preresignation service. Having been filed in May, 1978, the complaint was timely.
Inasmuch as the complaint challenging the Board’s seniority system was authorized by the Human Rights Law and was timely filed, there is no basis for holding that the Division improperly exercised jurisdiction over the com *263 plaint. That being the only ground of the challenge in this court, and there being substantial evidence to support the finding of discrimination, the Division’s determination should be upheld.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the determination of the State Human Rights Appeal Board reinstated.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.