■ In the Matter of STATE DIVISION OF HUMAN RIGHTS,

Petitioner, v BOARD OF EDUCATION OF PLAINVIEW-OLD BETH-
PAGE CENTRAL SCHOOL DISTRICT, Respondent.—Proceeding pur-
suant to Executive Law § 298 to enforce an order of the State
Human Rights Appeal Board, dated May 20, 1981, which
affirmed an order of the State Division of Human Rights,
dated November 27, 1979, which, after a hearing, found that
the Board of Education of Plainview-Old Bethpage Central
School District had discriminated against one of its employees
on the basis of sex.

Orders vacated, on the law, without costs or disbursements,
proceeding dismissed, and matter remitted to the petitioner
for further proceedings consistent herewith.

Complainant instituted this proceeding on December 15,
1977 with the State Division of Human Rights (Division),
charging the Plainview-Old Bethpage Central School District
and its board of education (Board) with maintaining a policy
which forces a pregnant teacher to take a leave of absence no
later than the fourth month of pregnancy and which does not
allow the teacher to return to work until six months after
"confinement". She further alleged that as seniority does not
accrue during the time of forced maternity leave, her seniority
was such that she was threatened with being excessed. (She
was subsequently excessed effective June 30, 1978.)

After a hearing, the Division found the Board's policy to
have violated the Human Rights Law (Executive Law § 296)
and, as pertinent here, ordered the Board to take the follow-
ing action:

"[1.] Respondent Board shall revise its seniority system to
include in its computation for present seniority credit pur-
poses the following periods it denied to Complainant:

"a) 1965-1966 school year; and

"b) January 9, 1970 through the end of the 1969-1970 school
year; and

"c) the second term of the 1972-1973 school year.

"[2] Respondent Board shall also revise its seniority system
to include in its computation for present seniority credit
purposes the Complainant's employment period with Respon-
dent since June 30, 1978 together with all other rights,
benefits and privileges Complainant would have been entitled
if she had received credit for the periods provided in 1 (a) (b)
and (c) hereinabove."

In this enforcement proceeding, the Division contends that
paragraph 2 of the order, as noted above, directed the Board

to pay retirement contributions on behalf of complainant for those periods in which she suffered discrimination.

We note that this interpretation is contrary to the Division's position at the hearing. During the hearing, counsel for the Division indicated that the Division was not seeking monetary relief on behalf of complainant for periods in which complainant had been on forced leave. He indicated: "I see nothing in the complaint, or any questions that I have directed to the Complainant, giving the (Board) reason to be concerned about seeking monetary relief".

To the extent that this portion of the above order could be construed as directing such monetary relief, it would be in conflict with the relevant Statute of Limitations. Executive Law § 297 (5) provides that a complaint filed with the Division of Human Rights must be "filed within one year after the alleged unlawful discriminatory practice". Where a resignation (or leave) is improperly forced due to pregnancy, the one-year Statute of Limitations begins to run from the date of this discriminatory act (*Matter of Board of Educ. v New York State Div. of Human Rights,* 56 NY2d 257). Thus, complainant in the case at bar cannot seek money benefits for the periods involved.

A different issue is presented as to whether the request for recomputation of seniority credit was timely sought. A subsequently adopted seniority system which fails to take into account the period of forced resignation imposes a distinct discriminatory wrong. In such a circumstance, the period of limitation begins to run on the date the complainant learned of the seniority list (*Matter of Board of Educ. v New York State Div. of Human Rights, supra*).

Unfortunately, the Division made no finding of fact as to when this event occurred, as it was of the view that the Board's wrong was of a continuous nature.

Thus, the matter must be remitted to the Division for a finding of fact and determination of this issue. Weinstein, J. P., Rubin, Lawrence and Eiber, JJ., concur.