■ In the Matter of TRANS WORLD AIRLINES, INC., Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review an order of the State Human Rights Appeal Board dated December 30, 1983, which vacated an order of the State

Division of Human Rights dated July 20, 1982 that dismissed the complaint of Eugene A. De Figueiredo on the basis that the State Division of Human Rights did not have jurisdiction, due to the untimeliness of the complaint.

Petition granted, order of the Appeal Board annulled, on the law, without costs or disbursements, and order of the State Division reinstated and confirmed.

The Appeal Board erred in overruling the Division and holding that this was a case of continuing discrimination. Trans World Airlines, Inc's. (TWA) original discriminatory act in 1961—refusal to hire Eugene A. De Figueiredo as a hostess, a position open only to females—was not illegal at that time. A discriminatory act which is not illegal may not be the basis for a suit subsequent to the passage of antidiscrimination statutes *(Matter of Board of Educ. v New York State Div. of Human Rights,* 56 NY2d 257, 260). Relief will be granted, however, when the effects of such past discriminatory acts are "revived". Here, TWA's 1970 seniority system allegedly incorporated the effects of such past discriminatory acts. The "period of limitation begins to run on the date the complainant learned of the seniority list" *(Matter of State Div. of Human Rights v Board of Educ.,* 112 AD2d 435, 437; *Matter of Board of Educ. v New York State Div. of Human Rights, supra).* Here, De Figueiredo first learned of TWA's new seniority system in 1970. Thus, the one-year period of limitation began to run at that time and his complaint is now time barred. Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.