Rose SCHWABENBAUER,
Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF the CITY SCHOOL DISTRICT OF the CITY OF OLEAN, and Harry S. Leonelli, Charles L. Kinney, Mary Chicola, Martin Faragher, Della Moore, Edward H. Radigan, Paul J. Schafer, John J. Sheehan, Norman R. Utecht, all as members of the Board of Education of the City School District of the City of Olean, Defendants-Appellees.

No. 1303, Docket 85–7213.

United States Court of Appeals,
Second Circuit.

Argued June 26, 1985.
Decided Nov. 22, 1985.

See also, D.C., 515 F.Supp. 33.

Emanuel Tabachnick, Williamsville, N.Y., with whom Bernard F. Ashe, Albany, N.Y., was on brief (Rocco A. Solimando, Albany, N.Y., of counsel), for plaintiff-appellant.

H. Kenneth Schroeder, Jr., Buffalo, N.Y. (Anne S. Simet and Hodgson, Russ, Andrews, Woods and Goodyear, Buffalo, N.Y., of counsel), for defendants-appellees.

Before KEARSE, CARDAMONE and FRIEDMAN *, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Western District of New York (John T. Elfvin, *Judge* ), dismissing, for lack of subject matter jurisdiction, a complaint by a former school teacher alleging that the termination of her employment by the appellee school board constituted discriminatory treatment on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e–17 (1982). We affirm, but on a different ground.

## I

A. This is the second time the case is here. The undisputed background facts that are pertinent to the issue we decide were set forth in our prior opinion as follows:

> In 1968, the Board hired Schwabenbauer as a probationary elementary school teacher to commence September 1, 1968. At that time New York law required a new teacher to serve a three-year probationary period during which his or her performance could be observed and evaluated before a tenure decision was made by a board of education.... Schwabenbauer taught until February 1, 1970, a period of one year and five months, when she was granted, at her request, a maternity leave of absence for a period of up to two years. Schwabenbauer unexpectedly gave birth prematurely on February 7, 1970, and suffered adverse medical consequences; on her doctor's orders, she remained on leave for the remainder of the school year.
>
> At Schwabenbauer's request the Board terminated her maternity leave as of September 1, 1970. Schwabenbauer returned to work on that date and worked until May 15, 1972, when she received notice from the Board that she would not receive tenure and that her employment would be terminated on June 30, 1972.
>
> Schwabenbauer then began a series of attempts to gain reinstatement. She contended that her three-year probationary period, which had commenced on September 1, 1968, should have ended on August 31, 1971. She asserted that because at the end of that period she was neither expressly granted tenure nor terminated but was permitted to continue teaching, she gained tenure by operation of law, sometimes called tenure by acqui-

---

\* United States Court of Appeals for the Federal Circuit, sitting by designation.

escence. The Board took the position that Schwabenbauer's probationary period did not end on August 31, 1971, because that period had been tolled by her lengthy maternity leave (and thence further extended to June 30, 1972, by virtue of amendments to New York law).

*Schwabenbauer v. Board of Education,* 667 F.2d 305, 307 (2d Cir.1981) (footnotes omitted).

When these attempts to obtain reinstatement were unsuccessful, Schwabenbauer filed the present suit against the school board and its members (collectively the Board). She contended that "by denying credit for her pregnancy leave while granting credit for other lengthy medical leaves, the Board discriminated against her on the basis of her sex, in violation of Title VII." *Id.* at 307–08 (footnote omitted). She sought reinstatement and backpay.

Both sides moved for summary judgment on the basis of "two short stipulations of fact." *Id.* at 308. The district court granted summary judgment in favor of Schwabenbauer. 498 F.Supp. 119 (W.D.N.Y. 1980). The court held that Schwabenbauer had established a prima facie case of sex discrimination and that the Board had not rebutted the case.

On the Board's appeal, we held that the record could not support a grant of summary judgment. 667 F.2d at 309. We concluded that "[t]he rather sketchy evidence and the sparse stipulations of fact entered into by the parties simply did not permit the kind of analysis required" in deciding a Title VII case. *Id.* at 314 (footnote omitted). We vacated the judgment of the district court and remanded the case "for proceedings not inconsistent with this opinion." *Id.* at 316 (footnote omitted).

B. Following the submission of Schwabenbauer's evidence at the trial on remand, the Board moved to dismiss "due to plaintiff's failure to supply the evidentiary deficiencies that had been indicated by the appellate court." The court denied the motion but dismissed the complaint under rule 12(h)(3) of the Federal Rules of Civil Procedure, because the court concluded that it

"lack[ed] subject matter jurisdiction of this action."

The court held that even if the Board had "discriminatorily fail[ed] to credit the period of her maternity leave against her term of probation," Schwabenbauer "has suffered no legal injury" from that conduct because "there exists no basis in this case for application of New York's doctrine of tenure by acquiescence so as to require defendants to admit plaintiff to tenure, should she ultimately prevail on her Title VII claim regarding credit for maternity leave." (Footnote omitted.) The court concluded that in the circumstances, the "plaintiff lacks standing to prosecute this action under Title VII, and this Court lacks subject matter jurisdiction of this action, mandating dismissal pursuant to Fed.R. Civ.P. 12(h)(3)."

## II

In her appeal to this court, Schwabenbauer argues that the district court ruling rested upon a misinterpretation and misapplication of the New York law of tenure by acquiescence. We find it unnecessary to decide that question because we agree with the Board's argument that Title VII, which is the linchpin of Schwabenbauer's case, is not retroactively applicable to cover the action of the Board in failing to credit her maternity leave in determining her probationary period.

A. Prior to March 24, 1972, Title VII was inapplicable "to an educational institution with respect to the employment of individuals to perform work connected with the educational activities of such institution" (42 U.S.C. § 2000e–1 (1970)) or to "a State or political subdivision thereof" (42 U.S.C. § 2000e(b) (1970)). These exceptions were eliminated, effective March 24, 1972, by the Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, § 2(2), 86 Stat. 103 (amending 42 U.S.C. § 2000e(b) (1970)) and § 3, 86 Stat. 103 (amending 42 U.S.C. § 2000e–1 (1970)).

Schwabenbauer's complaint challenged and sought relief against the Board's dis-

missal of her on June 30, 1972 (after the effective date of the 1972 Act). The basis of that challenge, however, was the Board's refusal to include her seven months of maternity leave in 1970 as part of her probationary period. She contends that the refusal constituted illegal sex discrimination in violation of Title VII because the Board treated other types of leave as part of the probationary period. She further asserts that she acquired tenure by acquiescence through continuing to work after September 1, 1971 (the completion of what she considered to be her three-year probationary period).

The alleged discriminatory practice took place in 1970 at a time when Title VII did not cover the Board. The Board's alleged discrimination consisted of excluding from Schwabenbauer's probationary period the time she spent on maternity leave. That was "the period during which the seniority [here probationary] clock stopped running because of her maternity leave." *Flaum v. Board of Education of the East Ramapo Central School District*, 450 F.Supp. 191, 192 (S.D.N.Y.1978). The Board's notice to Schwabenbauer in May 1972 that she would not receive tenure was merely a formal administrative notification that the Board had applied its alleged policy of denying probationary credit during maternity leave to the period in 1970 when Schwabenbauer took maternity leave. If the Board discriminated against Schwabenbauer on the basis of sex, it did so at the time she took her maternity leave that it refused to credit and not at the later time when it notified her of that action.

Thus, the only basis upon which Schwabenbauer could sustain her complaint of unlawful sex discrimination would be if the 1972 Act that made Title VII applicable to the Board had retroactive effect.

This court has held, however, that the 1972 Act does not apply Title VII retroactively to either educational institutions or State and local governmental entities. In *Weise v. Syracuse University*, 522 F.2d 397 (1975), we held that "the 1972 amendments subjecting educational institutions to

the requirements of Title VII are not to be applied retroactively." *Id.* at 411 (footnote omitted). We noted that "[p]rior to the 1972 amendments, Syracuse University was free, as far as Title VII was concerned, to discriminate in its employment practices." 522 F.2d at 410. We declined "to give retroactive effect to a statute creating new rights where none had previously existed. The manifest injustice of such *ex post facto* imposition of civil liability is reflected in the general rule of construction that absent clear legislative intent statutes altering substantive rights are not to be applied retroactively.... Here ... the intent was clear to impose new substantive requirements on educational institutions." *Id.* at 411 (footnotes and citations omitted).

In *Monell v. Department of Social Services of the City of New York*, 532 F.2d 259 (1976), *rev'd on other grounds*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), we held that the 1972 Act did not apply Title VII retroactively to a municipal department of social services and to a board of education. We saw "no valid ground for distinguishing the sex-discrimination claim in *Weise* from similar claims against the city or the Board of Education based upon a retroactive application of Title VII." 532 F.2d at 262. *See also, Popkin v. New York State Health and Mental Hygiene Facilities Improvement Corp.*, 547 F.2d 18 (2nd Cir.1976), *cert. denied*, 432 U.S. 906, 97 S.Ct. 2950, 53 L.Ed.2d 1078 (1977), where we upheld a district court's refusal to apply the 1972 Act retroactively to a State political subdivision.

In view of these three decisions, we find it unnecessary to decide whether, prior to March 24, 1972, the Board was not subject to Title VII because it was an educational institution or a political subdivision of the State. Those decisions establish that however the Board be viewed, the 1972 Act did not retroactively apply to it.

The Board's pre-March 24, 1972 action in refusing to include Schwabenbauer's maternity leave in her probationary period had an adverse effect upon her after Title VII became applicable to the Board: it resulted

in her discharge in June 1972. But the post-March 24, 1972 effect of an earlier alleged sex discrimination does not create a valid claim under Title VII for events that occurred in the earlier period. *Farris v. Board of Education of the City of St. Louis*, 576 F.2d 765, 768–69 (8th Cir.1978). *Cf. United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Cates v. Trans World Airlines, Inc.*, 561 F.2d 1064 (2d Cir.1977).

In *Farris*, a school teacher, in accordance with a school board requirement, during the 1969–70 school year took approximately five months of maternity leave. As a result she was denied an annual salary increase because she exceeded the maximum leave permitted to obtain such an increase. She contended that the application of this Board policy constituted illegal sex discrimination in violation of Title VII, and that the effect of this discrimination continued after Title VII became applicable to the school board because she remained one step lower in the salary scale than she would have been if the earlier discrimination had not occurred.

The district court held for the teacher and awarded her backpay covering the salary increase she lost in 1970. The court of appeals reversed. It stated:

Farris took her required leave of absence during the first half of 1970 and was denied an incremental salary raise in the fall of that year. No violation of Title VII occurred in 1970, however, because school boards were not subject to Title VII until 1972. It is true, of course, that even after 1972 Farris has been one step lower on the salary scale than she would have been had she not lost an increment in 1970. But "the emphasis should not be placed on mere continuity" and "the critical question is whether any present *violation* exists." Farris does not allege, nor does the record suggest, that incremental raises are in any way dependent upon sex. She similarly does not allege, nor does the record suggest, that she is in any different position from other persons, men or women, who suf-

fered an unexcused absence of fifty or more days in a school term prior to 1972. That being the case, the system cannot be said to discriminate now on the basis of sex and there is accordingly no present violation. "In short, the system is neutral in its operation."

576 F.2d at 768 (footnote omitted).

Similarly, in the present case the discrimination Schwabenbauer alleges is that the Board refused to credit her maternity leave time toward her probationary period while crediting other types of leave. There is no claim or indication, however, that in discharging her in 1972 the Board treated her differently from any other person who had not completed his or her probationary period at that time. The Board's discharge of Schwabenbauer did not involve any discrimination because of sex.

■ B. Schwabenbauer contends, however, that in our prior decision "this Court accepted the fact that Schwabenbauer's complaint came within the purview of Title VII." It relies upon footnote 5 in our prior opinion, which stated:

Title VII became applicable to governments and their agencies and subdivisions on March 24, 1972. Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, § 2(1) 86 Stat. 103 (amending 42 U.S.C. § 2000e(a) (1970)). Thus the Board was subject to Title VII at the time it notified Schwabenbauer of its decision to deny her tenure and terminate her employment. The Board has not questioned the applicability of Title VII to its actions.

667 F.2d at 308 n. 5.

Those statements, however, do not address the retroactive application of the 1972 Act. All we stated in footnote 5 was that the Board was subject to Title VII "at the time it notified Schwabenbauer of its decision to deny her tenure and terminate her employment," which was on May 15, 1972, almost two months after the 1972 Act became effective. We did not there address the different question that we here decide: whether that Act applies retroactively to cover the Board action taken before the effective date of the Act of re-

fusing to treat the time Schwabenbauer was on maternity leave in 1970 as part of her probationary period. As we hold, the Act does not apply retroactively to cover that action. The last sentence in the footnote, stating that the Board had not questioned the applicability of Title VII "to its actions," must be read in context, and the "actions" to which it referred were the "notifi[cation of] Schwabenbauer of its decision to deny her tenure and terminate her employment."

In any event, the retroactivity question was not argued in the prior appeal. The issue before us there was whether the district court had properly granted summary judgment in favor of Schwabenbauer. We held that because there were disputed issues of material fact, summary judgment had been erroneous. Thus, even if the statements in footnote 5 could be viewed as relating to the retroactivity issue, they were not necessary to or a part of our decision. They were dicta and do not bind us in this appeal.

Footnote 5 of our prior opinion, therefore, is not inconsistent with and does not preclude the decision we reach today.

The judgment of the district court dismissing the complaint is

Affirmed.