Simons, J.
(dissenting). The State Legislature has declared that military recruiters must be allowed "access to * * * school property on the same basis” as other occupational recruiters (Education Law § 2-a). The Rochester School Board allows recruiters generally on school property but adopted a policy designed to deny access to those the Legislature has decreed are entitled to access: the military. The majority recognizes the obvious fact, found by the courts below, that the Board’s action was a deliberate effort to bar military recruiters notwithstanding the statute but finds no fault with it.
Thus, the issue before the Court is whether the Board may do that which the State statute specifically bars it from doing —discriminate against the military in its recruiting policy. Clearly, it may not. The majority avoids that obvious result by miscasting the Board’s policy as a facially neutral measure aimed at all discriminating employers. That rationale fails for three reasons. First, by its very terms, the policy does not bar "all organizations that discriminate”; instead, it bars only those organizations that have a stated policy of discrimination. The difference is significant. Because some types of discrimination mentioned in the policy are illegal under State law, no employer seeking to recruit in the Rochester schools will ever have a stated policy of discrimination, except the military. Second, despite the majority’s assurances to the contrary, the Board’s policy simply is not facially neutral. While paragraph 2 is stated in neutral terms applying to all recruiters (Resolution: Policy 91-92: 519 [6] [ff 2]), the other relevant parts of the policy deal exclusively — and expressly — with only one employer, the military. Paragraph 8 and paragraph 9, for instance, set forth special recruiting rules and state that they apply solely to the military (see, majority opn, at 543). Third and most important, even if this policy were facially neutral, the Board’s compliance with Education Law § 2-a should be judged by the substance and effect of the policy not by its *549 mere form. In a variety of circumstances, our Court and the Supreme Court of the United States have declared that facially neutral provisions will be invalidated when either their motive or their effect is illicit discrimination (see, e.g., Gomillion v Lightfoot, 364 US 339, 347; Matter of Board of Educ. v New York State Div. of Human Rights, 56 NY2d 257, 261-262; Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 696). Here, both the Board’s motive and the effect of its resolution were discriminatory. The resolution mentions only one employer — the military — by name, and at oral argument, the Board’s attorney was unable to name any other recruiter that would be affected by it. As a matter of fact, only one employer will ever fall within the policy’s prohibition against a "stated policy” of discrimination. In short, the Board decided to discriminate against the military because it disagreed with a military policy enacted by Congress. Such discrimination against the military is precisely what Education Law § 2-a prohibits.
It will not help to cast the decision as a discretionary one, as the majority has done. The Board has no discretion to do that which the statute prohibits. Nor is the case stronger because the resolution is viewed as a weapon against the military’s discriminatory recruiting policies. Those policies were surely known to the legislators at the time the statute was proposed and they were not then, nor are they now, contrary to State or Federal law as construed by our Court or the Supreme Court.
Nor can this decision be supported by the statutory language permitting the even-handed regulation of recruiters. The statute provides for access to school property on the same basis, i.e., equivalent time and under equivalent terms. It does not permit local autonomy on the desirability or undesirability of individual employers’ lawful employment policies, marketing practices or product line.
In sum, the local Board has, for its own reasons, done that which the Legislature has said it may not do and the resolution is therefore void.
Chief Judge Kaye and Judges Titone, Smith, Levine and Ciparick concur with Judge Bellacosa; Judge Simons dissents and votes to affirm in a separate opinion.
Order reversed, etc.