■ In the Matter of ABRAHAM D. BEAME, Individually and as Mayor of the City of New York, et al., Appellants, v DENNIS DeLEON, as Commissioner of Human Rights of the City of New York, et al., Respondents. In the Matter of MARY A. LARSEN et al., Appellants, v DENNIS DeLEON, as Commissioner of Human Rights of the City of New York, et al., Respondents.

[618 NYS2d 715] —Orders, Supreme Court, New York County (Alice Schlesinger, J.), entered July 8, 1993, which granted petitioners' application pursuant to CPLR article 78 to annul respondent's order of January 6, 1993, as to only four of 45 complainants, and otherwise dismissed the petition, and, order, same court and Justice, entered September 23, 1993, which, *inter alia,* dismissed article 78 proceedings of petitioners and of petitioners-cross-appellants, unanimously affirmed, without costs or disbursements.

Judgment was properly granted in favor of the complainants-respondents who were assigned to the Field Services Division as policewomen or police officers from 1975 to 1977, and thus necessarily assigned to involuntary matron duty within one year to the date of the filing of their respective complaints. Respondent New York City Commission on Human Rights' awards of retroactive seniority were appropriate in light of the continuing pattern of discriminatory conduct *(see, Acha v Beame,* 570 F2d 57). The awards of retroactive seniority pre-dating December 1965, the effective date of the City Human Rights Law prohibiting sex discrimination, were within respondent's authority *(see, Matter of Board of Educ. v New York State Div. of Human Rights,* 56 NY2d 257). They were also reasonably related to the discriminatory practice because, among other reasons, the assignment to matron duty was a function of the limited number of women allowed into the police force prior to 1977. Finally, the awards were not violative of Civil Service Law § 61 since they are reasonably related to the injuries sought to be redressed *(see, Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623).

The Police Pension Fund is not a necessary party since complainants-respondents merely seek the adjustment of seniority dates and do not charge the Fund with engaging in any kind of discriminatory practice. We also find that respondent Human Rights Commission's factual findings that both complainants-respondents Rinaldi and McKay would have been hired earlier and Rinaldi also promoted earlier if not for petitioner Police Department's discriminatory practices, and the awards to each of these complainants for mental anguish, are supported by substantial evidence.

Likewise, there was substantial evidence supporting the agency's determination dismissing the sex discrimination complaint of petitioner-cross-appellant Larsen as untimely and denying petitioner-cross-appellant McKay's request for retro-

active promotion, and we find their contentions upon their cross-appeals to be without merit. We also note that where the challenge is to the use of actuarial tables based on gender, the Police Pension Fund would be a necessary party. Concur— Sullivan, J. P., Carro, Ellerin, Kupferman and Asch, JJ. *[See, 163 Misc 2d 885.]*